May Term,
1857.

WILKINS
v.
MILLER.

WILKINS and Others *v.* MILLER.

In an action in relation to her separate property, a wife may, under the statute of 1852, sue her husband without *prochein ami*, except she be under 21 years of age.

Sections 1, 2, 3, and 4, of chapter 38, Laws of 1853, p. 55, are unconstitutional and void.

But section 5 of the act is valid.

By the latter section, personal property of the wife held by her at the marriage, remains her separate property.

*Wednesday,*
*May 27.*

APPEAL from the *Knox* Court of Common Pleas.

The appellee was plaintiff and the appellants defendants below.

STUART, J.—The complainant alleges that at the time of her marriage with *Miller*, she had about 175 dollars; that it was loaned out to one *Raseman*, payable to her in her former name of *Fredericka Burhouse;* that it was collected after her marriage, and that *Samuel Miller*, her husband, had loaned the money to his co-defendants, *Wilkins* and others, and fraudulently taken the note payable to himself; that in further fraud of the plaintiff, he had assigned the note of *Wilkins* and *Robinson* to *Greenup Miller*, his son and co-defendant; and that she is informed and believes that *Samuel*, her husband, is insolvent. She therefore prays that *Wilkins* and *Robinson* be enjoined from paying the money to the *Millers*, or any assignee of theirs; that she have judgment for the amount of the note and interest, &c. The complaint is verified by the plaintiff, *Fredericka.*

The defendants demurred to the complaint, assigning for cause—

1. That the plaintiff, *Fredericka*, had no legal capacity to sue.

2. That the complaint does not state facts sufficient, &c.

The Court overruled the demurrer, and the defendants excepted.

Answers were filed leading to issues of fact. Trial by jury; verdict and judgment for the plaintiff.

The only error assigned which we can notice, is that in

relation to the demurrer to the complaint—that the Court erred in overruling it.

The sufficiency of the complaint on demurrer, involves a construction of the statute of 1852, conferring certain rights on married women.  It is contended that the wife cannot sue her husband in a civil suit, without a *prochein ami*.  It is likened to the old chancery practice, when the wife could only sue her husband by next friend, even when the suit was for a separate maintenance; and Glancy 355, and Mitf. Eq. Pl. 83, are referred to.

The analogy does not hold good.  The statute has changed the rule in that respect.  It is enacted that when the action is between herself and husband, she may sue or be sued—alone.  Nor is she required to sue by guardian or next friend, except she be under the age of 21 years. 2 R. S. pp. 28, 29.  The suit is, therefore, well brought in her name alone, without a *prochein ami*.  See *Owden* v. *Campbell*, 11 Eng. Ch. R. 569 (1).

It is contended, also, that the husband takes the personal property at marriage, as at common law; and 1 R. S. p. 320, is cited.  The demurrer before us raises no question as to the construction of that act.  There is no pretense of any debts having been paid by *Miller* for his wife; and on that ground he could lay no claim to her separate property.  The separate property of the wife is every where recognized by the revision of 1852.  Thus, the wife may defend in her own right, in an action relating to her separate property.  2 R. S. p. 29.  So, also, the wife's lands, and the profits therefrom, shall be her separate property.  1 R. S. 321.

Even prior to the statutes of 1852, the right of the wife to enjoy her separate property after it was reduced to personalty, was fully recognized.  *Totten* v. *McManus et ux.* 5 Ind. R. 407.—2 Edw. Ch. R. 628.—8 Blackf. 284.

The evidence is all in the record.  In view of that evidence disclosing fraud on the part of the husband, and the fact that they had separated before the suit was brought; and the right fully recognized, of the wife to enjoy her separate property, if she chose to so hold it; we are of

May Term, 1857.

WILKINS
v.
MILLER.

opinion that the suit was well brought, and the complaint sufficient.

No great stress is laid on the amendment made by the legislature in 1853. Laws of 1853, p. 55. Under the ruling of the majority of the Court in *Langdon* v. *Applegate*, 5 Ind. R. 327, the first, second, third, and fourth sections are unconstitutional and void. Though I did not then, nor can I now, concur with the Court in that opinion, yet it stands as the law till overruled. But there is no constitutional objection to the fifth section. The title covers it. As embracing that section, the whole title must be used. That section is a distinct provision, complete in itself, sensible, capable of being executed, and wholly independent of what precedes it. It could be carried into effect, even if it stood alone. Indeed, when the preceding sections are stricken out, as in fact they are, it does stand alone. That fifth section is the whole of chapter 38, and must be regarded as constitutional and valid. In *McCarty* v. *Mewhinney* (2), at the last term, the same point was before us with the same result.

That being the case, all doubt as to the rights of the wife in the case at bar, is removed. Thus, the personal property of the wife, held by her at the marriage, shall remain her separate property," &c. Laws of 1853, p. 57.

There is an error in assessing the damages. The recovery is too large by several dollars. If the plaintiff remit the excess over the note and interest, at the date of the recovery, the judgment will stand affirmed; otherwise, reversed.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the appellants.

(1) Husband and wife ought not to join as co-plaintiffs, in a suit relating exclusively to the wife's separate property. *Owden* v. *Campbell*, 11 Eng. Ch. R. 569. 8 Sim. 551.

(2) 8 Ind. R. 513.