LEARD and Others *v.* LEARD.

DESCENTS.— *Widow.—Limitation of Actions.*—Petition for partition, filed January 15th, 1868, by the brothers and sisters of J. L., who died in March, 1865, seized in fee of the land sought to be partitioned, leaving a widow, the defendant, but no child or father or mother.

*Held*, that by the act of March 4th, 1853 (Acts 1853, p. 55), the petitioners were entitled to one undivided half of such land, but that sections 1, 2, 3, and 4 of said act, not being in conformity with the ruling in *Langdon* v. *Applegate*, 5 Ind. 327, were repealed by the act of March 9th, 1867, (Acts 1867, p. 204), leaving in force the provision of the act of May 14th, 1852 (1 G. & H. 296, sec. 26), that in such case the widow is entitled to the entire estate—the commencement of actions arising under the law repealed being limited to ninety days from the passage of said act of 1867, which to the petitioners was a reasonable time.

REPEAL OF LAWS.—An identification of any kind, of a law intended to be repealed, is sufficient in the repealing act.

SUPREME COURT.—*Rulings of.*—The inferior courts of this State are bound by the rulings of the Supreme Court till overruled by it, but the legal presumption is that, whenever properly applied to, it will correct its own errors.

APPEAL from the Delaware Circuit Court.

GREGORY, J.—The appellants, on the 15th of January, 1868, filed their petition in the court below against the appellee, for partition of real estate. The petitioners were the brothers and sisters of John Leard, who died in March, 1865, seized in fee of the lands sought to be partitioned. The appellee is the widow of the deceased. A demurrer

was sustained to the petition, and this presents the question in the case.

In May, 1857, this court, in *Wilkins* v. *Miller*, 9 Ind. 100, held, that sections 1, 2, 3, and 4, of chapter 38, Laws of 1853, p. 55, were unconstitutional, following the ruling in *Langdon* v. *Applegate*, 5 Ind. 327. By the act of March 9th, 1867, the legislature repealed "all laws theretofore passed not in conformity with the ruling of the Supreme Court of this State in the case of Langdon against Applegate and others, reported in the 5th volume of the Indiana Reports on page 327;" and provided therein that "all actions arising out of or for a violation of any law repealed by this act, shall be commenced within ninety days from the passage of this act, and not afterwards," Acts of 1867, p. 204. ·

In *The Greencastle Southern Turnpike Company* v. *The State, on the relation of Malot*, 28 Ind. 382, this court, at the November term, 1867, overruled the cases of *Langdon* v. *Applegate* and *Wilkins* v. *Miller*, *supra*.

By the act regulating descents, of May 14th, 1852, the appellee is entitled to the entire estate in the lands described in the petition; but by the act of March 4th, 1853, the petitioners, as the brothers and sisters of the deceased, there being no child or children or their descendants, or father or mother surviving, are entitled to an undivided half of such lands.

It is claimed that the act of March 9th, 1867, did not repeal the act of March 4th, 1853. We hold otherwise. The repealing act embraces all laws not in conformity with the ruling in *Langdon* v. *Applegate*. The ruling was, that an act amending a former statute must set forth at full length the former act as it was before the amendment. It was by the force of, and in conformity to, this ruling, that the case of *Wilkins* v. *Miller* was decided. It is clear that sections 1, 2, 3, and 4, of the act of March 4th, 1853, were not in conformity with the ruling in *Langdon* v. *Applegate*, and were embraced in the repealing act.

A law may be repealed without reference to its title. An

identification of any kind is sufficient. An act covering the same subject matter would repeal a former statute embraced within its provisions. The repeal of the act of March 4th, 1853, left the law of descents as it stood under the act of 1852, *supra.*

In contemplation of law the act of March 4th, 1853, was in force until repealed by the act of March 9th, 1867. The ruling in *Wilkins* v. *Miller* was not law. It is true that the inferior courts of this State were bound thereby until overruled by this court. But the legal presumption is that this court will decide the law as it is; that it will at any time, when properly applied to, correct its own errors. The courts were open to the appellants from the death of the intestate to assert their claim. They had ninety days from the passage of the act of March 9th, 1867, in which to do so. It cannot be said that the last named act deprived them of having a reasonable time within which to commence their action. *Ignorantia juris non excusat.* The only thing that can be urged is that the appellants were ignorant of their legal rights. The suit was not commenced in time. The court below committed no error in sustaining the demurrer.

The judgment is affirmed, with costs.

*J. Brownlee,* for appellants.

*W. March* and *W. Brotherton,* for appellee.