Cates *v.* Bales *et al.*

No. 8133.

CATES *v.* BALES ET AL.

VENDOR AND PURCHASER.—*Contract.*—*Rescission.*—*Fraud.*—A purchaser of property can not rescind the contract for fraud so long as he retains the property, if of any value.

SAME.—*Pleading.*—*Answer.*—*Value of Property.*—*Offer to Return.*—An answer seeking to avoid the payment of the price of property purchased, on the ground of fraud, which does not aver that the property was of no value, or does not aver a return or an offer to return the property, is insufficient on demurrer.

Cates v. Bales et al.

SAME.—Consideration.—Copyright.—Insurance Plan.—A court can not say that the transfer of an instrument for the organization of insurance companies is of no value, as the vendor of such property, before publication, if not copyrighted, is entitled to control its disposition.

SAME.—Instruction.—An instruction, that the transfer of a plan for the organization of insurance companies is of no value because there is no law in this State authorizing the formation of such companies, is erroneous.

INSTRUCTION.—Evidence.—Issues.—Practice.—Supreme Court.—An instruction, which is not applicable to any evidence admissible under the issues, is erroneous, and will reverse the case, although the evidence is not in the record.

From the Randolph Circuit Court.

E. L. Watson, J. S. Engle and L. W. Study, for appellant.
A. O. Marsh, A. Gullett and W. A. Thompson, for appellees.

BEST, C.—This action was brought by the appellant against the appellees, upon a note of $125, made by them to one Seth Symons and by him endorsed to the appellant.

Each defendant filed a separate answer of two paragraphs, and both united in an answer of three paragraphs.

Demurrers for want of facts were overruled to the second and third paragraphs of the joint answer, and a reply in denial was filed.

The issues were submitted to a jury and a verdict returned for the appellees. A motion for a new trial was overruled, and a judgment rendered upon the verdict. The appellant appeals, and assigns as error that the court erred in overruling the demurrers to the second and third paragraphs of the answer, and in overruling the motion for a new trial.

The appellant, in his brief, concedes that the second paragraph of the answer is good, and this will not be noticed.

The third averred in substance, that the payee of the note sued upon was engaged in organizing an insurance company in Randolph county, Indiana, during the month of October, 1876, under the following agreement and plan, viz.:

"We, the undersigned, agree to form ourselves into a mutual insurance association, for the protection of our property against damages by fire and lightning, to be known as The

Farmers' Insurance Association of ——— county, and of State ———. We bind ourselves and our property to pay five dollars as an initiation fee, to defray the expenses of getting up this organization; and we bind ourselves and our property to be assessed when a fire occurs to any amount not to exceed the amount we each have insured, the per cent. to pay the damages of any fire that may accidentally occur and the expenses of such notification by the actuary. No money to be paid except the initiation fee until a fire takes place, then we agree to pay the assessment within thirty days after the fire, into the hands of the actuary of the association, who shall pay said assessment to the persons damaged. The initiation fee to be paid to the person who gets up the organization. When any member of the association shall dispose of his property by sale or otherwise, he shall notify the actuary of the fact. He will be held responsible for the assessment of any fire that may occur until such notification has been received by the actuary." That under said plan the following agreement was written, viz.: "Each of us, whose names are subscribed below, agree to be one of one hundred or more freeholders, in Randolph county, and State of Indiana, to form an association upon the above plan and for the above purpose, under the specifications named therein as above; *provided, however*, that the signature shall in no case be binding on us if the above number is not obtained in our county to effect an organization.

"Names.                          Postoffice address."

That said Symons was the agent of said Mendinhall, and, to induce the makers to execute the note sued upon, represented to them that said Mendinhall had obtained a copyright of the agreement and plan above set out; that he had the exclusive right to use such plan in organizing insurance companies in Randolph county, Indiana; that he had already obtained the signatures of more than one hundred freeholders of said county to said agreement; that they had met, organized as a corporation, and were then ready to do business; that, if

the appellees would purchase said right to said county, they would have the exclusive right to organize such companies therein ; that they could easily obtain additional names to such agreement, and would be entitled to five dollars for each additional name obtained.   It was further averred that they were ignorant of the insurance business and of the manner of organizing such companies, but, relying upon the representations so made by said Symons, they purchased said right, which was duly transferred to them by written assignment, and they executed said note "in consideration of the sale to them of said right to said copyright in Randolph county, Indiana, and the right to organize said insurance companies in said county on said plan, and receive five dollars for each member thereof, and the right to procure and add additional names    *    *    * to said association, and to receive five dollars for each member so added, and for no other consideration whatever, when, in truth and in fact, said Symons had not procured the names of one hundred freeholders of said county as members of said association, and said association was not a corporation, and is not now and was not ready for business, and these defendants did not have the exclusive right to use said form of agreement and organize insurance companies on said plan in Randolph county, and receive five dollars initiation fee therefor from each person who became a member thereof, and they did not have the right to receive five dollars for each member added to the association, which said Symons represented organized."

It will be observed that there is no averment that the appellees returned, or offered to return, the right assigned, or that it was of no value, and for that reason it is insisted that the paragraph in question is insufficient.   The purchaser of property, who has been induced to make the purchase by fraud, has an election of remedies.   He may retain the property, and, when sued for the purchase-money, may set up the fraud as a defence.   If the injury sustained by the purchaser be equal to or greater than the purchase-money, he may de-

feat the action entirely. He may, if he choose, rescind the contract, and thus defeat an action for, the purchase-money. In .the latter case, however, he must show a return of the property, or an offer to return it, or that it was of no value. *Love* v. *Oldham,* 22 Ind. 51.

He can not, however, rescind the contract, and thus defeat the action, so long as he retains the property, if of any value. The plea under consideration avers the fraud, but it does not aver that the right purchased was of no value, nor does it aver an offer to return it, and it was, therefore, insufficient.

In *Hardesty* v. *Smith,* 3 Ind. 39, the court, in discussing the sufficiency of a similar plea, says: "Though that plea alleges fraud, still it does not aver that the right purchased was of no value, and shows no offer to return it to the vendor. The contract has not been rescinded, and the defendant retains an article which, according to the plea, we must regard as of some value. He has no right, therefore, wholly to preclude the plaintiff from his action, though he may, perhaps, avail himself of the fraud, if it exist, in mitigation of damages."

The appellees insist that, though the plea does not aver that the right was without value, it is sufficient as a plea of no consideration. In support of this position it is urged, 1st. That the instrument mentioned in the answer is not authorized by law to be copyrighted, and for that reason it furnished no consideration for the note. 2d. If authorized to be copyrighted, a partial assignment of the same is unauthorized, and such an assignment furnishes no consideration for the note.

The plea admits the transfer of the instrument in question, and, unless we can say that it was of no value whatever, we can not say that the answer was good as a plea of no consideration. This we can not do. The instrument was either copyrighted, or it was not. If it was, the presumption, in the absence of an averment to the contrary, is, that it was of some value. If it was not copyrighted, it belonged to the

vendor, and his right until publication to control its disposition was of some value.

Drone on Copyright, at page 111, says: "Property may exist in that which has no commercial value. A person may own a useless swamp, a barren crag, or a sterile waste so worthless that he can not give it away; yet it belongs to him, and the law will aid him in preventing another from appropriating it, or otherwise unlawfully using it. The same is true of intellectual property. A manuscript may be void of literary qualities, a painting destitute of merit, a statue without art excellence, yet it may be valued by the owner; and, whether it is or not, he has a right to say that it shall not be made public, or used without his consent."

The transfer of this right may furnish a sufficient consideration for the note. Whether the instrument was or was not copyrighted, we can not say that its transfer was of no value, and therefore can not hold the plea good as a plea of no consideration.

Again, the nature of the plea assumes that there was a consideration for the note sued upon, and seeks to avoid its payment by alleging that it was fraudulently procured. This is done without an averment that the property was returned, or offered to be returned, or that it was of no value, and we will, therefore, treat it as an answer seeking to avoid a contract procured by fraud, and not as a plea of no consideration. As such it was not sufficient.

The appellant complains of the tenth and eleventh instructions given to the jury.

The eleventh informed the jury, that if they found that the note was supported by a sufficient consideration, they should then consider the third paragraph of the joint answer, which was in the nature of a counter-claim, and under it the defendants were entitled to such damages as they had proved. This is not the language but the substance of the instruction. This was wrong. The third paragraph of the answer was not pleaded as a counter-claim, nor were the defendants entitled

to prove or recover any damages under it. There could be no evidence offered under this or any other paragraph of the answers that rendered this instruction proper, and it must, therefore, reverse the case though the evidence is not in the record. *Lindley* v. *Dempsey*, 45 Ind. 246.

By the tenth charge the court said to the jury that the copyright secured to Mendinhall was property of more or less value in States where the law authorized the formation of such companies, but as there was no law in this State, at the time of the assignment, authorizing the formation of fire insurance companies upon the plan secured to Mendinhall, a promise to pay for the right to use the same where it could not be used would be without consideration, and if they believed that the only consideration for said note was the assignment of said copyright, they should find for the defendants.

This was error. Where a party gets all he knowingly contracts for, he will not be allowed to say that he gets no consideration. *Baker* v. *Roberts*, 14 Ind. 552; *Neidefer* v. *Chastain*, 71 Ind. 363.

In *Hardesty* v. *Smith*, 3 Ind. 39, this court said: "The simple parting with a right which is one's own, and which he has the right to fix a price upon, must be a good consideration for a promise to pay that price. In such cases, the purchaser *gets a something*, and he is estopped by the exercise of his own judgment, uninfluenced by fraud, or warranty, or mistake of facts, at the time, to afterward say it was not worth to him what he agreed to give."

The court erred in giving each of these instructions and in overruling the demurrer to the third paragraph of the answer, for which the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to grant a new trial, sustain the demurrer to the third paragraph of the joint answer, and for further proceedings, etc.