## HAUGH ET AL. v. SMELSER.

[No. 4,275. Filed January 27, 1903. Rehearing denied February 27, 1903. Transfer denied June 24, 1903. Petition for written opinion denied November 4, 1903.]

DESCENT AND DISTRIBUTION.—*Husband and Wife.*—*When all of Husband's Property Descends to Wife.*—Where a man dies intestate and childless, the owner of real estate, leaving a widow, and without father or mother surviving, but brothers and sisters or their descendants, the widow takes the entire estate under §2651 Burns 1901.

From Rush Circuit Court; *Douglas Morris*, Judge.

Partition proceeding by Mary H. Haugh and others against Maria P. Smelser and others. From a judgment for defendants on demurrer to complaint, the plaintiffs and all defendants, except Maria P. Smelser, appeal. *Affirmed.*

*E. P. Ferris, W. W. Spencer, F. J. Hall* and *E. W. Spencer*, for appellants.

*B. F. Miller* and *Reuben Conner*, for appellee.

WILEY, J.—Jesse W. Smelser died intestate the owner of real estate in Rush county of the value of $30,000. He left surviving him the appellee Maria P. Smelser, his widow, who was a third wife. He died childless and neither his father nor mother survived him. The appellants—there being a large number of them—are surviving brothers and sisters or descendants of brothers and sisters of the said decedent. A number of the appellants brought an action against Maria P. Smelser, as widow, and others for partition of the real estate owned by the decedent at his death, upon the theory that the appellee was entitled to the undivided one-third of the real estate as widow, and that the plaintiffs below and all the defendants except Maria P. were entitled to have set off to them the undivided two-thirds as the brothers and sisters and their de-

scendants of said Jesse. A demurrer by appellee for want of facts was sustained to the complaint, and the only question presented by this appeal is the correctness of that ruling. All the plaintiffs and all the defendants below except Maria P. Smelser are joined as appellants.

It is not necessary to set out the complaint, for the statement above fully presents the question for decision, and that question is this: Where a husband dies intestate and childless, the owner of real estate, leaving a widow, and without father or mother surviving, but brothers and sisters, or their descendants, surviving, does the widow take the entire estate? This question is answered by the statute and a long line of decisions in this State. Section 2651 Burns 1901 is as follows: "If a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor." This statute has been construed by the Supreme Court in many cases, and it has uniformly been held that under it, where a wife or husband die intestate, leaving no child, and no father or mother, the whole of the property left goes to the survivor. *Armstrong* v. *Berreman,* 13 Ind. 422; *Leard* v. *Leard,* 30 Ind. 171; *Nebeker* v. *Rhoads,* 30 Ind. 330; *DeMoss* v. *Newton,* 31 Ind. 219; *Lindsay* v. *Lindsay,* 47 Ind. 283; *Langlois* v. *Langlois,* 48 Ind. 60. This statute and these decisions, under the facts averred in the complaint, vest the title to the real estate in question in appellee. The law, as thus declared for so many years, has become a rule of property in this State, and, if it is unjust or inequitable, relief should be sought through the lawmaking power, and not the courts. There can be but one construction placed upon the plain language of the statute.

Judgment affirmed.

## ON PETITION FOR REHEARING.

WILEY, J.—Appellants have petitioned for a rehearing upon the following grounds: "(1). In holding that under our law of descent, and the decisions of our courts on the facts averred in the complaint, and the statutes relating thereto, the title to the real estate in question vests in the appellee; (2) that in this case it was the duty of the court to take judicial notice of the law of descent in Indiana, and the changes therein, if any, by the legislature of Indiana, with the construction of the higher courts thereon, which have been entirely ignored, and have not been considered or referred to in disposing of this important case."

While the second ground stated in the petition does not present any question for consideration, we will consider the petition as a whole, for the reason that it is charged that the court did not consider or refer to certain questions presented by the record.

The single question in this appeal, as stated in the opinion, is the sufficiency of the complaint, which involves the relative rights of the appellants and appellee, to inherit from Jesse W. Smelser, deceased. Appellants base their right to share in the real estate of the deceased upon the following statutes: "If there be neither father nor mother, the brothers and sisters of the intestate living, and the descendants of such as are dead, shall take the inheritance as tenants in common." §2625 Burns 1901. "If a husband die testate or intestate, leaving a widow, one-third of his real estate, shall descend to her in fee simple, free from all demands of creditors." §2640 Burns 1901. Both of the above provisions of the statute were parts of the law of descent as enacted by the legislature of 1852. Section 2651 Burns 1901, which is quoted in the original opinion, and upon which it was held that the appellee took the entire estate, was also a part of the act of 1852. By that pro-

vision of the statute, the widow, when no child, father, or mother survived, takes the entire estate. This latter section was amended in 1853 to read as follows: "If a husband or wife die intestate, leaving no child, and no father or mother, nor brothers and sisters, nor their descendants, the whole of his or her property, real or personal, shall go to the survivor."

In their brief, counsel for appellant say that the last-quoted statute remained in force for fourteen years, and until the passage of the act of March 9, 1867 (Acts 1867, p. 204). Counsel also admit that since that date there have been numerous decisions of the Supreme Court holding that the act of March 9, 1867, repealed the amendatory act of 1853, and that by such repeal the original act was revived. By this admission, counsel concede the rule of law declared in the original opinion to be correct under the authorities, but insist that we should declare a new rule. This we can not do. The following cases sustain the proposition that the act of March 9, 1867, repealed all laws not passed in conformity with the rule declared in *Langdon* v. *Applegate,* 5 Ind. 327, and that the repealing act of March 9, 1867, revived §26 of the act of 1852, being §2651 Burns 1901. *Leard* v. *Leard,* 30 Ind. 171; *Nebeker* v. *Rhoads,* 30 Ind. 330; *DeMoss* v. *Newton,* 31 Ind. 219; *Lindsay* v. *Lindsay,* 47 Ind. 283; *Longlois* v. *Longlois,* 48 Ind. 60; *Waugh* v. *Riley,* 68 Ind. 482; *Teter* v. *Clayton,* 71 Ind. 237; *Helt* v. *Helt,* 152 Ind. 142. See, also, *Baum* v. *Thoms,* 150 Ind. 378, 65 Am. St. 368. Under these authorities §26 of the act of 1852 (§2651 Burns 1901) was in force at the time of the death of Jesse W. Smelser, and by it the appellee, as his widow takes the entire estate, both real and personal. Sections 2625 and 2640, *supra,* were also in force at the time of his death, but they are not of controlling influence here, because they are not applicable to the facts disclosed by the complaint.

The death of appellant Elizabeth Ross having been suggested, the original opinion is modified in that the judgment of affirmation is rendered as at the term at which the cause was submitted in conformity with the provisions of §675 Burns 1901.

Petition for rehearing overruled.