## WULSCHNER-STEWART MUSIC COMPANY *v.* HUBBARD.

[No. 6,831. Filed November 3, 1909.]

1. FRAUD.— *Remedies.— Defenses.— Election.— Rescission.—* The purchaser of property induced to purchase through fraud may retain the property and set up such fraud as a defense, or he may rescind and thus defeat the action for the purchase price. p. 528.

2. PLEADING.—*Answer.—Rescission.—Fraud.—*An answer of rescission for fraud must show a return of the property, or an offer to return, or allege that it was of no value. p. 528.

3. PLEADING.—*Answer.—Fraud.—Damages.—*An answer of fraud must show that the defendant was damaged thereby. p. 528.

4. PLEADING.—*Answer.—Conditional Sale.—*An answer, in an action for the purchase price of a piano, that such piano was sold subject to certain warranties, and that if such warranties were false the defendant should hold such piano at the plaintiff's disposal, is sufficient, where it alleges that such warranties were false, and that the defendant holds the piano at the plaintiff's disposal. p. 528.

5. PLEADING.— *Cross-Complaint.— Fraud.— Damages.— Value of Property.—*A cross-complaint for damages for breach of warranty in the sale of a piano, which sets out only the contract price of the piano, and not its actual value, is insufficient. p. 528.

6. APPEAL.—*Doubtful Result.—*Errors of the trial court cannot be held harmless, where the result is not clearly right. p. 529.

From Johnson Circuit Court; *W. J. Buckingham,* Special Judge.

Action by the Wulschner-Stewart Music Company against Charles A. Hubbard. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Oscar Mathews, R. M. Miller* and *H. C. Barnett,* for appellant.

*David E. Watson* and *L. Ert Slack,* for appellee.

COMSTOCK, J.—Appellant brought this action in the Morgan Circuit Court against the appellee to recover the price of a certain Chickering piano sold to him by appellant. Upon change of venue the cause was tried in the Johnson Circuit Court.

The complaint is in three paragraphs. The first and second are based on a note for a piano sold and delivered to defendant; the third is on a check alleged to have been given to plaintiff for value received. Defendant answered in six paragraphs. A demurrer was sustained to the third. The first was a general denial; the second, want of consideration for the note and check; the fourth admits that on March 24, 1905, defendant purchased from plaintiff a certain Chickering piano for the agreed price of $475, and alleges that he was induced to purchase said instrument by false and fraudulent representation as to the grade, quality, tone, mechanism and market value of the same; that he learned of the falsity of said representations in a few days after the delivery of said piano and the execution of the check; that at the time of learning said fact he notified plaintiff that the piano was not as represented and that it was at his house in Martinsville, Indiana, subject to plaintiff's order, and that said piano is now in his possession.

The fifth paragraph contains substantially the same representations, alleging that they were made as warranties by plaintiff, that the defendant relied upon said warranties, that it was agreed that if said piano was not as represented there would be no sale, and that the piano should remain with the defendant as the property of the plaintiff and subject to its disposal.

The sixth paragraph is substantially the same as the fourth, except that it does not give any definite time as to when defendant learned that the piano was not as represented and was not in tune, and alleges that after learning said facts he notified plaintiff that he would not receive said piano, but would hold the same subject to its order.

The court overruled plaintiff's demurrer to the fourth, fifth and sixth paragraphs for want of facts, and the cause was put at issue by reply in general denial. A trial resulted in a verdict and judgment in favor of defendant. The rul-

ings on the demurrers are among the errors assigned and discussed.

The purchaser of property who has been induced to make the purchase by fraud has an election of remedies. He may retain the property, and, when sued for the purchase money, may set up the fraud as a defense. If the injury sustained by the purchaser be equal to or greater than the purchase money, he may defeat the action entirely. He may, if he choose, rescind the contract, and thus defeat an action for the purchase money. In the latter case, however, he must show a return of the property, or an offer to return it, or that it was of no value. Said fourth paragraph is insufficient as a plea of rescission, for the reason that no return or offer to return is shown, nor that the piano was of no value. *Cates* v. *Bales* (1881), 78 Ind. 285. Neither is said paragraph good upon the ground of fraud. It does not show that appellee was damaged. Some injury must be charged as the result of the fraud.

Said fifth paragraph shows a conditional sale. There was to be no sale unless the piano was as represented, and said piano was to remain in the possession of the appellee, as the property of the appellant, subject to its disposal. We think as to this paragraph the demurrer was properly overruled, because the piano was to be held by appellee, according to the terms of alleged contract, subject to the order of the appellant. The court erred in overruling the demurrer to the sixth paragraph, for the reasons stated as to the ruling on the fourth paragraph.

Appellee also filed a cross-complaint, in which he set out substantially the same averments as to the purchase of the piano and the representations as to the grade, quality and market price of the instrument as are set out in the paragraphs of answer, and alleged substantially the same defect in the instrument, and that by reason of said false and fraudulent representations he is damaged in the

sum of $600, for which amount he demands judgment. The court overruled a motion to strike out said cross-complaint. It does not show the value of the instrument purchased, but only the contract price. It simply avers fraud, and does not aver the actual value of the piano. It was therefore insufficient.

We do not lose sight of the rule that errors of pleadings are to be disregarded, when it affirmatively appears

6. that a correct result has been reached. Upon the record the correctness of the result is not clear.

Other alleged errors need not be considered.

Judgment reversed, with instructions to sustain the demurrers to the fourth and sixth paragraphs of answer, and for further proceedings not inconsistent with this opinion.