# BRUNS *v.* COPE.

[No. 22,398.   Filed May 26, 1914.   Rehearing denied October 13,
1914.]

1. DESCENT AND DISTRIBUTION.—*Statutes.*—*Repeal.*—*Validity.*—The
   act of the legislature of 1867 (Acts 1867 p. 204, §246 Burns
   1914), enacted in anticipation of the overruling of a prior hold-
   ing of the Supreme Court that the act of 1853 (Acts 1853 p. 5b),
   purporting to amend §26 of the act of 1852 (1 R. S. 1852 p. 248,
   §3028 Burns 1914), was unconstitutional, providing that all laws
   theretofore passed, and not in conformity to such holding, were
   repealed, was a valid enactment and effectually repealed said
   act of 1853; hence, where a husband or wife dies intestate, leav-

ing no child and no father or mother, the whole of his or her property goes to the survivor under the provisions of §26 of the act of 1852 (§3028 Burns 1914). p. 291.

2. DESCENT AND DISTRIBUTION.—*Right to Take.—Statutes.*—Under §2995 Burns 1914, Acts 1907 p. 136, providing that no person who unlawfully causes the death of another and shall have been convicted thereof, shall take by devise or descent any of the property owned by decedent, a paragraph of complaint seeking to deprive a husband of the property left by his deceased wife, on the theory that he had aided and abetted in causing her death, was insufficient without an allegation that the husband had been convicted. pp. 292, 293.

3. DESCENT AND DISTRIBUTION.—*Right to Take.—Nature of Right.*—The right to acquire property by descent is controlled by statutory enactments, and equitable rules can not be interposed to vary their effect. p. 293.

4. MARRIAGE.—*Collateral Attack.*—The validity of a marriage may not be collaterally attacked in a statutory action by heirs for partition of land of an alleged insane decedent, but the relief, if any can be had by them, must result from a direct attack in an appropriate equitable proceeding. pp. 294, 296.

5. MARRIAGE.—*Presumptions.*—The presumption in favor of the validity of a marriage consummated according to the forms of law is one of the strongest known. p. 295.

6. PLEADING.—*Demurrer.—Statutory Provisions.—Scope of Review on Appeal.*—While under §344 Burns 1914, Acts 1911 p. 415, the court on appeal would be limited to the defects pointed out in the memorandum in passing on error urged by appellee in the overruling of the demurrer to a complaint, it is not so limited in its consideration of appellant's assignment of error in sustaining such a demurrer, but regardless of the memorandum, may determine whether the ruling was right on the merits, since the act of 1911 does not repeal or modify §700 Burns 1914, §658 R. S. 1881, prohibiting a reversal where it appears that the merits of the cause have been fairly determined. p. 296.

From Allen Circuit Court; *John W. Eggeman,* Judge.

Action by John W. Bruns against Daniel C. Cope. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*H. I. Smith* and *Robert B. Dreibelbiss,* for appellant.

*E. O'Rourke, Joseph M. Haley, Frank J. Belot* and *M. H. Luecke,* for appellee.

MORRIS, J.—The appellant, John W. Bruns, was a brother of Charlotte Cope, who died intestate, in November, 1911,

leaving surviving her neither ancestor nor descendant. She was married in July, 1911, to appellee Cope. At her death, she was the owner of real and personal·property. This is an action to quiet title, and for the partition of decedent's land. There are various paragraphs of complaint, to each of which a demurrer was sustained, and on this action are predicated the errors here assigned. Three questions are presented by appellant's brief, which we will consider in the order presented.

Section 26, of an act regulating descents, passed in 1852, provides that "If a husband or wife die intestate, leaving no child and no father or mother, the whole of his

1. or her property, real and personal, shall go to the survivor." 1 R. S. 1852 p. 248, §2490 R. S. 1881, §3028 Burns 1914. By an act approved March 4, 1853 (Acts 1853 p. 55, §4), the legislature attempted to amend §26, *supra,* of the descents act, to read as follows: "If a husband or wife die intestate, leaving no child, and no father or mother, nor brothers and sisters, nor their descendants, the whole of his or her property, real or personal, shall go to the survivor." Appellant claims this amending act is in effect, and that under its provisions two-thirds of the decedent's realty descended to her surviving brothers and sisters. In *Langdon* v. *Applegate* (1854), 5 Ind. 327, this court held that, by virtue of §21 of Art. 4, of the Constitution of Indiana, which provides that "No act shall ever be revised or amended by mere reference to its title; but the act revised, or section amended shall be set forth and published at full length," an amending act which failed to set out the section amended was void. The act of March 4, 1853, attempting to amend §26, *supra,* of the descents act, failed to set forth said §26, and, after the decision of *Langdon* v. *Applegate, supra,* it was deemed as unconstitutional and void. At the November term, 1867, in *Greencastle, etc., Turnpike Co.* v. *State, ex rel.* (1867), 28 Ind. 382, this court overruled the case of *Langdon* v. *Applegate, supra,* but in

the meantime, in March, 1867, the legislature, in anticipation of such overruling, enacted a statute repealing all laws theretofore passed not in conformity with the ruling in *Langdon* v. *Applegate, supra.* Acts 1867 p. 204, §246 R. S. 1881, §246 Burns 1914. By this act it was intended to repeal the said act of March 4, 1853, and ever since that time it has been held by this court that said act of March 4, 1853, was not in effect, and that §26, *supra,* of the descents act of 1852 governed in cases falling within its provisions. *Waugh* v. *Riley* (1880), 68 Ind. 482, and authorities cited; *Haugh* v. *Smelser* (1903), 31 Ind. App. 571, 572, 66 N. E. 55, 506, and cases cited. Appellant contends here that as the said repealing act of March, 1867, was passed before the opinion was handed down in *Greencastle, etc., Turnpike Co.* v. *State, ex rel., supra,* and when the case of *Langdon* v. *Applegate* stood unoverruled, such repealing act itself was unconstitutional and void because it did not conform to the ruling in *Langdon* v. *Applegate, supra;* that consequently the act of March 4, 1853, *supra,* was never repealed, and must be held in effect under the ruling in *Greencastle, etc., Turnpike Co.* v. *State, ex rel., supra.* We are of the opinion that this contention requires no discussion. We hold that said act of March, 1867, was constitutional and repealed the 1853 amending act in question, and appellee Cope as surviving husband took the entire estate of his wife by virtue of §26, *supra,* of the act of 1852. §3028 Burns 1914, §2490 R. S. 1881.

Appellant's second contention involves a consideration of the act of March 2, 1907, reading as follows: "That no person who unlawfully causes the death of another and shall have been convicted thereof, or aids or abets in such unlawful killing of another, shall take by devise or descent any part of the property, real or personal, owned by the decedent at the time of his or her death." Acts 1907 p. 136, §2995 Burns 1914. It is averred in certain paragraphs of the complaint that Mrs. Cope committed sui-

cide as a result of certain words and deeds of her husband who thereby aided and abetted in unlawfully causing her death. It is not alleged that appellee Cope has been convicted, as principal or accessory, of the unlawful killing of his wife. If it should be conceded that the paragraphs in controversy, aside from the failure to allege a conviction, state facts sufficient to bar appellee Cope from inheriting his wife's property, such failure must be deemed as rendering the pleading insufficient on demurrer. The right

3. to acquire property by descent is a creature of the law. *Donaldson* v. *State, ex rel.* (1915), *post* 615, 101 N. E. 485, and authorities cited. Neither the common nor civil law canons of descent, as such, ever obtained in Indiana. Our statutes cover the entire field of succession to a deceased intestate's property, and comprehend any conceivable case. Since the adoption of the ordinance of 1787, the right of inheritance in Indiana has been determined solely by statutory enactment. *Cloud* v. *Bruce* (1878), 61 Ind. 171; *Bruce* v. *Bissel* (1889), 119 Ind. 525, 22 N. E. 4, 12 Am. St. 436; *Morris* v. *Holliday* (1906), 39 Ind. App. 201, 76 N. E. 861. As our canons of descent are fixed and positive expressions of the legislative intent, equitable rules can not be interposed to vary their effect. *Armington* v. *Armington* (1867), 28 Ind. 74; *Rountree* v. *Pursell* (1895), 11 Ind. App. 522, 39 N. E. 747. Previous to this

2. act of 1907, no statutory exception barred a surviving wife or husband from taking under §26, *supra,* of our statute of descents, because of crime, even if that of murder of the decedent, and consequently unless appellee Cope is barred by the provisions of that act from inheriting his wife's property, he takes it all under the provisions of §26, *supra,* of the descents act of 1852. *McAllister* v. *Fair* (1906), 72 Kan. 533, 84 Pac. 112, 3 L. R. A. (N. S.) 726, 115 Am. St. 233, 7 Ann. Cas. 973, and authorities cited. The act of 1907, by its plain provisions, bars no one from inheriting unless he has been convicted, as principal or

accesssory, of the unlawful killing of the person whose property he claims through the laws of descent. There was no error in sustaining the demurrer to the paragraphs of complaint relating to the cause of the wife's death.

Appellant's third contention is founded on the alleged error in the sustaining of the demurrer to the seventh, eighth and tenth, paragraphs of complaint. In the latter paragraph it is alleged that Charlotte Cope and appellant Daniel C. Cope, on July 10, 1911, procurred a marriage license, and, on the same day a pretended marriage was solemnized between them; that at the time, and previous thereto, Charlotte Cope was of unsound mind and incapable of entering into a marriage contract, all of which appellee Cope well knew, and because of said facts the pretended marriage was void. It is further averred that Charlotte Cope died in November, 1911, owning certain described real estate, and leaving surviving her neither ancestor nor descendant, but leaving appellant, a brother, and certain named defendants, other than appellee Cope, as her only heirs at law; that the named heirs are the owners in common of the real estate, but that appellee is claiming, without right, some interest in the land. The paragraph closes with a prayer for partition and to quiet the title of the alleged heirs against the alleged unfounded claim of appellee. The allegations of the seventh and eighth paragraphs differ somewhat from those of the tenth, but, in his brief, appellant presents no question in regard to them that would not apply to the ruling on the tenth, and therefore there is no occasion for considering any difference between the allegations in that paragraph and those of either of the others. It is not alleged that decedent was ever adjudged a person of unsound mind or incapable of managing her estate, nor is it averred that the marriage was ever annulled or decreed void in any proceeding instituted for that purpose. The action is one for partition and to quiet title, under the statute, and if the complaint is sufficient, would

be triable by jury. It is not claimed that either paragraph under consideration is drawn on the theory of an equitable proceeding to procure a decree declaring the marriage void *ab initio.* Appellant attacks the marriage collaterally, on the theory that §8360 Burns 1914, §5325 R. S. 1881, which declares void a marriage where either party is insane at the time thereof renders the marriage void, even on collateral attack. Indeed, appellant's position is frankly and clearly stated in point No. 27, in his brief, as follows: ''The law does not require so useless a ceremony as that of annulling, by a special proceeding, a marriage which has no existence, but is absolutely void, *ab initio;* its invalidity may be shown in any proceeding, in any court, *wherever the question arises collaterally.''* (Italics ours.)

Many questions are presented in the briefs which we do not consider necessary to decide. In *Henneger* v. *Lomas* (1896), 145 Ind. 287, 299, 44 N. E. 462, 32 L. R. A. 848, it was held that a court of equity, on complaint of the injured party during the lifetime of the latter, might annul a marriage procured by the fraud of the other party, and that jurisdiction to grant such relief inheres in a court of equity regardless of §1060 Burns 1914, §1025 R. S. 1881, or other provisions of our divorce statutes. If it be conceded (a matter not here determined) that the heirs of a deceased insane person may, by appropriate proceedings in equity, procure a decree of annulment of the marriage of such person, because of the fraud of the defendant, and in the same proceeding procure a decree of partition of the real estate of the decedent, and quieting the petitioner's title thereto, it by no means follows that appellant is entitled to any relief here on the allegations of his complaint.

5. The presumption in favor of the validity of a marriage consummated according to the forms of law is one of the strongest known. *Teter* v. *Teter* (1885), 101 Ind. 129, 51 Am. Rep. 742; *Boulden* v. *McIntire* (1889), 119 Ind. 574, 21 N. E. 445, 12 Am. St. 453; *Wenning* v. *Teeple*

(1896), 144 Ind. 189, 41 N. E. 600. We hold that 4. the validity of a marriage may not be collaterally assailed in a statutory action by heirs for partition of land of an alleged insane decedent, and that if appellant is entitled to any relief it must result from a direct attack in an appropriate equitable proceeding. 26 Cyc. 907.

The act of March 4, 1911 (Acts 1911 p. 415, §344 Burns 1914), among other things amends §85 of our code of civil procedure, and provides that when, in a demurrer to 6. a complaint, it is averred that it does not state sufficient facts, a memorandum shall be appended stating wherein the complaint is insufficient, and that the demurring party shall be deemed to have waived his right, thereafter, to question the pleading for any defect not specified in the memorandum. Appellant claims that appellee's memorandum here fails to disclose any reason that can furnish a basis for sustaining the demurrer to the complaint, and that this court, in reviewing the action of the trial court is limited to the specifications of the appellee's memorandum. This contention cannot prevail. Had the court overruled the demurrer to the complaint, and were appellee here assailing such ruling, this court, by reason of the act of 1911, would be precluded from reversing the judgment because of such ruling of the court, except on some ground specified in the memorandum. But the act of 1911, amending §85 of the code, must be construed in connection with the other sections thereof, and particularly §659 (§700 Burns 1914, §658 R. S. 1881), which provides that this court shall reverse no judgment where it appears that the merits of the cause have been fairly determined in the court below. Amendments or repeals, by implication, are not favored, and we do not believe that the provisions of §700 Burns 1914, *supra*, were intended to be modified in any way by the act of 1911, and consequently if the ruling assailed here was right on the merits, the judgment should be affirmed regardless of the absence of appropriate specifications from the memorandum filed.

There is no reversible error in the record.    Judgment affirmed.

NOTE.—Reported in 105 N. E. 471. As to the question of the presumption from marriage ceremony is discussed in 14 L. R. A. 540; 16 L. R. A. (N. S.) 98; 34 L. R. A. (N. S.) 940. As to the succession by a murderer to the property of his victim, see 2 Ann. Cas. 658; 14 Ann. Cas. 99. As to who are entitled to succeed to estates of intestates, see 12 Am. St. 82. See, also, under (1) 14 Cyc. 63, 69; (2) 14 Cyc. 61; (3) 14 Cyc. 16; (5) 26 Cyc. 877; (6) 3 Cyc. 443.