SONNEBORN *v.* S. F. BOWSER AND COMPANY, INCORPORATED.

[No. 9,297.    Filed May 15, 1917.]

1. SALES.—*Fraud.*—*Remedies.*—Where a buyer has been induced by fraud to make a purchase, he may either retain the property and when sued for the purchase money set up fraud as a defense, or he may rescind the contract and thus defeat the action for the purchase money. p. 432.

2. APPEAL.—*Review.*—*Ruling on Demurrer.*—*Memorandum of Defects.*—*Scope of Review.*—The court on appeal is not confined to the memorandum of defects accompanying the demurrer when there is any defect in the pleading demurred to which would sustain the ruling of the trial court. p. 432.

3. CONTRACTS.—*Written.*—*Execution.*—*Merger of Prior Negotiations.*—In the absence of fraud in the procuring of a written order and contract, prior negotiations are merged therein. p. 433.

4. SALES.—*Fraud.*—*False Representations.*—*Written Contract.*—*Liability of Purchaser.*—A purchaser of a gasoline tank, who claimed that the seller represented that only two of such tanks, which were to be marked with a certain distinguishing emblem, would be sold in the city, could not defeat an action for the purchase price on the ground that such representations were false, where the written contract of sale, executed after the representations relied on were made did not include a stipulation that the purchaser should have the exclusive right to use the emblem, there being no claim that a mistake was made in reducing the agreement to writing or that the contract as executed did not contain a correct statement of the terms of the agreement. p. 433.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by S. F. Bowser and Company, Incorporated, against Roy L. Sonneborn. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Darrow & Rowley,* for appellant.

*M. R. Sutherland* and *R. N. Smith,* for appellee.

IBACH, P. J.—Action by appellee against appellant to recover the balance due on a written contract of sale. The complaint, omitting formal parts, alleges in substance: That on April 29, 1914, appellee sold and delivered to appellant a gas tank under and by virtue of a written contract, a copy of which is filed with the complaint as an exhibit, wherein appellant agreed and promised to pay to appellee in thirty days from the date thereof $233. That the goods were shipped and delivered according to the terms of the contract, but no part of the purchase price has been paid except the amount of $28, and that the sum of $205 is now due and remains wholly unpaid. That appellee has performed its part of the contract, and by reason of the premises there is now due appellee from appellant the sum of $205, with interest. The written contract referred to is in the form of an order signed by appellant and contains a provision, among others: "That this order shall not be countermanded; that it covers all agreements between the parties hereto, relative to this transaction."

Appellant answered the complaint by general denial and a special paragraph of answer in which he seeks to show a rescission of the contract upon the ground of fraud. Appellant also filed a counterclaim identical with the second paragraph of answer, except that it asks for affirmative relief. Demurrers filed to the affirmative answer and to the counterclaim, each accompanied by memorandum, were sustained. Appellant re-

fused to plead further, withdrew his general denial, and judgment was rendered in favor of appellee on its complaint. The rulings on the demurrers are assigned as error and relied on for reversal. Some objection is made to the form of appellant's brief, but with the aid of appellee's brief we are sufficiently informed of the questions presented by the errors assigned without an examination of the record, and they will be considered.

For the purpose of our discussion it will be sufficient to indicate the general tenor of the second paragraph of answer. Appellant claims that it is drawn on the theory of rescission of the contract for fraud. To charge fraud the answer shows: That appellee falsely and fraudulently represented to appellant that only two tanks and equipment would be sold on Lincolnway, which was a part of the Lincoln Highway through the city of Laporte, Indiana, one to appellant at the east end of Lincolnway, and one to Henry Brothers at the west end of Lincolnway; that appellant was to have the exclusive right to use the emblem of the Lincoln Highway Association, which would be conspicuously painted on the exposed portion of the gas tank equipment in Lincoln Highway colors, and that the equipment with the emblem of the Lincoln Highway Association could not be purchased elsewhere; that these representations were made to appellant before he signed the order sued upon; that appellant relied on such statements as being true and was thereby induced to sign the order for the equipment and did deposit with appellee the sum of $28; that the moving consideration for the purchase of said equipment on the part of appellant was the false representations that he would have the only and exclusive Lincoln Highway emblem on his gasoline equipment at the east end of the city of Laporte on said Lincolnway and that he signed said order and paid said sum of $28 wholly on said false representations, believing them

to be true. That appellant, upon learning that the statements and representations made by appellee to him at the time he gave the order were false, at once notified appellee that he would not accept and install the gas tank on account of said false representations, and demanded of appellee the payment of $28 so deposited by him with appellee, which demand was refused, whereupon appellant returned the gas tank and equipment to the appellee, which appellee now holds in its possession and under its control, and that he held said gas tank and equipment at the time of bringing the action herein.

Several objections or defects are pointed out by the memorandum, but it will be necessary to discuss only the fourth and seventh, which read as follows: "4th. That said answer does not show that the representations alleged were material to the making of the contract sued on. * * * 7th. That said answer does not show that defendant did not get what he contracted for or that he was injured or damaged by reason of entering into said contract."

"Where a purchaser has been induced to make a purchase by fraud he has an election of remedies. He may retain the property and when sued for the purchase money may set up fraud as a defense or he may rescind the contract and thus defeat the action for the purchase money." *Wulschner-Stewart Music Co.* v. *Hubbard* (1909), 44 Ind. App. 526, 89 N. E. 794; *Cates* v. *Bales* (1881), 78 Ind. 285, 288.

While we have set out the fourth and seventh specifications *supra,* we are not confined to the memorandum where there is any defect in the pleading which would sustain the ruling of the trial court in this case. *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 276, 108 N. E. 174, 109 N.

E. 411; *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471.

As before indicated, the contract was in writing and signed by appellant and accepted by appellee by delivery of the goods called for by the order to appellant. *King* v. *Edward Thompson Co.* (1913), 56 Ind. App. 274, 104 N. E. 106. By the terms of that contract it "covered all agreements between the parties" thereto "relative to the transaction," namely, the sale and purchase of the tank and equipment. It is alleged in the answer that the representations were made prior to the giving of the order, and therefore necessarily prior to the signing of the order and contract sued on. In the absence of fraud in the procurement of the written order and contract the prior negotiations are merged therein. *King* v. *Edward Thompson Co., supra,* 283, and cases cited; *McCaskey Register Co.* v. *Curfman* (1909), 45 Ind. App. 297, 304, 90 N. E. 323, and cases cited; *Singer Mfg. Co.* v. *Sults* (1897), 17 Ind. App. 639, 47 N. E. 341.

In *McCaskey Register Co.* v. *Curfman, supra,* 306, the court says: "In the case at bar appellant kept the means of protecting itself and also its customers from unauthorized acts of the agent, by reserving to itself the acceptance and adoption of a written contract transmitted to the principal in the from of an order. If the printed form contained too much or too little to satisfy the purchaser dealing with the agent, such purchaser was bound to eliminate or insert, or both, so as to show what proposal he desired the principal to accept. Such restriction upon the power of the agent was necessarily implied by the act to be done by him." This language is applicable to the terms the contract sued on here.

In *King* v. *Edward Thompson Co., supra,* it is ex-

pressly stated that no question of fraud in the procurement of the order was presented by the pleadings, and the same might be said of the case before us. It is true the answer states that appellant was induced to sign the order sued on because of the several representations which are fully set forth, but it must be considered in connection with the pleading to which it is directed, and when this is done, it readily appears that the order and contract set forth in the complaint was, as we have heretofore stated, executed after all the representations relied upon were made to appellant. Therefore it cannot be said that a legal fraud had been committed in the procurement of the execution of the order that will defeat a recovery thereon.

There is no claim that appellant did not get just what the written contract called for. His position is that he did not get the exclusive Lincoln Highway emblem, and that other equipments were sold on Lincolnway in addition to himself and Henry Brothers, and that other companies were furnishing Lincoln Highway emblems with their outfits. The written contract and order expressly specified certain goods but made no mention of "exclusive" rights. So far as the answer shows, appellant signed the order without being deceived or misled as to its contents and therefore must be held to have assented to the terms thereof. Appellee delivered to him all that it agreed to deliver under such contract and now sues to recover the price fixed therein.

The representations alluded to, if material before the negotiations were closed by the written contract, certainly ceased to be material after such written contract was executed. There is no claim or averment in the answer that a mistake was made in reducing the agreement to writing or that the written contract does not contain a correct statement of the terms of the agree-

ment.    The answer was insufficient to constitute a defense to the complaint.

For the same reasons the counterclaim is insufficient to warrant the relief asked, and the demurrer thereto was ·properly sustained.    Judgment affirmed.

NOTE.—Reported in 116 N. E. 66.    Fraud: rescission of sale, 43 Am. Dec. 654; 80 Am. Dec. 268; 93 Am. Dec. 207.    See under (1) 35 Cyc 130, 539; (4) 35 Cyc 67.