HAMMERTON ET AL. *v.* J. R. WATKINS MEDICAL COMPANY ET AL.

[No. 9,583. Filed November 21, 1918.]

1. PLEADING.—*Demurrer.—Form.—Sufficiency.*—A demurrer is sufficient in form and substance where it is in the statutory language and the memorandum points out specifically the defects in the paragraph to which it is addressed. p. 517.

2. APPEAL.—*Review.—Ruling on Demurrer.—Scope of Review.*—It is only where the demurrer is overruled that the form and substance of the demurrer and memorandum are controlling on appeal. p. 517.

3. APPEAL.—*Questions Reviewable.—Record.*—On an appeal from a judgment on a note given in settlement of money due under a contract, a ruling sustaining a demurrer to an answer averring that plaintiffs failed to fulfill certain stipulations in the contract cannot be determined where the contract is not in the record. p. 518.

4. COMPROMISE AND SETTLEMENT.—*Note Given in Settlement of Claims.—Presumption.*—Where a note was given in settlement of

claims arising out of a contract, it must be presumed, in the absence of a showing to the contrary, that all controversies relating to such contract were thereby extinguished.    p. 518.

From Jasper Circuit Court; *Charles W. Hanley*, Judge.

Action by the J. R. Watkins Medical Company and others against George H. Hammerton and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*John A. Dunlap*, for appellants.

*James H. Chapman* and *Tawney; Smith & Tawney*, for appellees.

DAUSMAN, J.—This action was instituted by the J. R. Watkins Medical Company against Ed Longstreth, George H. Hammerton and Joseph Kosta on a promissory note. Hammerton and Kosta answered in three paragraphs and filed a cross-complaint, alleging that they executed the note as sureties for Longstreth. Demurrers to second and third paragraphs of answer sustained. By agreement, trial without a jury. Judgment for plaintiff. The errors assigned challenge the ruling on the demurrers.

The following is the substance of the second and third paragraphs of answer: "Longstreth entered into a contract with the Medical Company by the terms of which the Company agreed to sell him merchandise on credit; bills were to be rendered him on the first of each month for merchandise sold during the preceding month, and bills were to become due and payable every thirty days on presentation. Hammerton and Kosta executed the contract as guarantors for Longstreth, and were to become liable only in the event that Longstreth failed to make his pay-

ments under the contract. The merchandise purchased by Longstreth in the first month amounted to fifty dollars, for which he failed to pay. The company failed to notify the guarantors of his failure to pay, but continued to sell him merchandise under the contract for a period of more than eighteen months; and he continued regularly to make default in payment. Finally the note was executed in settlement of the entire amount due on the contract.

"At the time of the execution of the note the company fraudulently concealed from Hammerton and Kosta the fact that it had failed to make any effort to collect from Longstreth. The company also failed to notify them from month to month of the default of their principal, and they executed the note believing that proper efforts had been made by the company to collect from him. At the time of making default in the payment of each monthly account Longstreth was solvent. He is now insolvent."

Appellants present three contentions only: (1) That each demurrer and the memorandum thereto attached is not sufficient in form and substance; (2) that the failure of the company to inform them from month to month of the condition of their principal's account released them from their obligation as guarantors in the original contract; and (3) that they are entitled to make that defense against the note.

The first contention cannot be sustained. Each demurrer is in the statutory language, and each memorandum points out specifically the defects in the paragraph to which it is addressed. Moreover, it should be remembered that it is only in cases where the demurrer is overruled that the form and substance of the demurrer and memorandum are controlling on appeal.

*Blue* v. *Capital Nat. Bank* (1896), 145 Ind. 518,
3.   43 N. E. 655; *Sonneborn* v. *S. F. Bowser &
Co.* (1917), 64 Ind. App. 429, 116 N. E. 66. The
second contention we cannot determine. The entire
original contract is not disclosed, and we cannot say
what were the rights of appellants thereunder. As
to the third, it appears that the note was given
4.   in settlement of the claims arising out of the
original contract; and it must be presumed, on
these answers, that all controversies relating to said
original contract were thereby extinguished. It does
not sufficiently appear from the answer that in the
execution of the note there was any fraud, mutual
mistake, or illegality, which would constitute a
defense.

The court did not err in sustaining the demurrers.
Judgment affirmed.

NOTE.—Reported in 120 N. E. 210.