DUVALL v. RANSOM AND RANDOLPH COMPANY.

[No. 13,550. Filed January 14, 1930.]

*Hanley & Hanley,* for appellant.
*Moses Leopold,* for appellee.

McMahan, J.—This is an action by appellee against appellant on nine promissory notes and on an account, the complaint being in 10 paragraphs. Appellant filed an answer of denial, no consideration, payment, and two paragraphs of set-off. A demurrer was sustained to the paragraphs of set-off. A trial by the court resulted in a judgment against appellant for $651.96, hence this appeal. Appellant contends the court erred in sustaining the demurrer to each of the paragraphs of set-off.

The notes mentioned in the complaint are dated October 18, 1922. The account sued on covered a period of several years, and began with a cash credit of $22, under date of October 18, 1922, which is followed by two debit items on October 19, 1922, amounting to $55.74. On November 22, appellant is credited with cash $33.74, which paid the account in full. The next debit item is on November 28, 1922. The account covers 15 pages of appellant's brief, the last credit being for $3.30, dated January 19, 1927. The total of the debits is $1,312.83. The credits amount to $1,141.90, and the balance due $170.93.

The first paragraph of set-off alleges that in March, 1922, and for many years prior thereto, M. Herriott and Son owned and operated a dental laboratory and supply house in Indianapolis; that appellant is a dentist, and, in March, 1922, sent certain dental work, of the value of $175, to Herriott and Son for vulcanizing, together with certain appliances and attachments, all of which were to be returned to appellant after the vulcanizing had

been completed; that the Herriotts failed and refused to return the same to appellant; that, about that time, appellee, by purchase, became the owner of the assets of the Herriotts, including an account which appellant then owed the Herriotts; that, as evidence of the debt which he owed the Herriotts, appellant signed and delivered to appellee the notes mentioned in the complaint; that, by reason of the failure of the Herriotts to return the articles sent to them by appellant, he was damaged in the sum of $518.75; that in March, 1922, appellant made demand of the Herriotts for said sum; and that he had many times thereafter made a like demand of appellee, which demands were refused.

The second paragraph of set-off, after setting out the facts as alleged in the first paragraph, alleges that the Herriotts became insolvent in March, 1922; that appellant, a nonresident corporation located in Ohio, by purchase became the owner of the business of the Herriotts and assumed the liabilities of the Herriotts, and asked that appellant be allowed an equitable set-off for $800.

Sections 371 and 375 Burns 1926, §§93 and 97 Civil Code, relating to set-off, are as follows: Section 371: "A set-off shall be allowed only in actions for money-demands upon contract, and must consist of matter arising out of debt, duty or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off." Section 375: "When cross-demands have existed between persons under such circumstances that one could be pleaded as a counter-claim or set-off to an action brought upon the other, neither can be deprived of the benefit thereof by the assignment or death of the other, and the two demands must be deemed compensated [canceled] so far as they equal each other."

The notes mentioned in the complaint are negotiable

instruments. Appellant admits that he executed the same. Neither paragraph of set-off alleges any fraud, mistake, or illegality in their execution, and, in the absence of any such allegation, it must be presumed that all claims arising out of the contract and subject-matter for which they were given and all controversies relating thereto were thereby extinguished. *Hammerton* v. *J. R. Watkins Medical Co.* (1918), 68 Ind. App. 515, 120 N. E. 710. While the answer in question alleges the notes were given as evidence of the indebtedness, there is no allegation that they were not given in payment or intended to be given in payment of the debt. Being negotiable instruments, it will therefore be presumed that they were given in payment of the debt and were accepted as payment. This presumption is strengthened by the course of conduct between the parties during the five years following the execution of the notes. Accepting the allegations of the answer as true, it appears that there was a controversy between the parties prior to the execution of the notes, and that appellant was demanding that appellee pay the amount which appellant claims the Herriotts owed him, and that, without any mistake or fraud, appellant thereafter executed the nine notes in payment of the claim then held by appellee. When dealings are had between parties, and afterwards one who claims that the other is indebted to him gives to such other a promissory note for a certain amount, the fair presumption is that such indebtedness has been cancelled, and he has become indebted himself to such party. It is a circumstance of such importance, reversing, as it does, the relative condition of the parties from creditor to debtor, that calls upon the person who seeks to enforce a claim of indebtedness to explain why, at a subsequent time, he appears a debtor to the one he claims to be his debtor. Neither paragraph of answer is sufficient to

overcome the presumption of payment. The court did not err in sustaining the demurrers.

Affirmed.