TRAVELERS INSURANCE COMPANY *v*. EMPLOYERS LIABILITY ASSURANCE CORPORATION LIMITED, OF LONDON, ENGLAND.

[No. 14,751. Filed September 25, 1933.]

*Daniel H. Ortmeyer,* for appellant.

*Isidor Kahn, Robert C. Enlow* and *Edward E. Meyer,* for appellee.

DUDINE, J.—The complaint charged that one Louis Adler sustained a personal injury by accident arising out of and in the course of his employment, as an employee of H. G. Newman Plumbing Company, as a consequence of which appellant, the insurance carrier of the Newman Company, was required by order of the Industrial Board of Indiana, to,—and did make certain compensation payments to said Adler; that Adler in fact sustained the injury under circumstances creating, in C. Kanzler and Son Company, a legal liability to reimburse appellant. That on or about June 14, 1926, appellant notified said Kanzler Company that appellant would look to said Kanzler Company for reimbursement. That appellee, as insurance carrier for said Kanzler Company, entered into written contract consisting of certain letters whereby appellee agreed to reimburse appellant for said compensation payments. The letters referred to, as constituting said contract, were made part of the complaint. The material parts of the letters are as follows:

(1) (A letter under date of the 4th day of February, 1926, to the plaintiff from the defendant.)

"Referring to your claim of Louis Adler v. H. G. Newman Plumbing Company, your letter of January 14th, 1926, addressed to Kanzler and Son Company has been referred to us for attention. At the time

this accident occurred this Corporation carried the general contractors' public liability insurance, but since the accident occurred on November 10th, 1925, and the first notice which we had thereof was January 21, 1926, the case is one of delayed notice and we are accordingly investigating the case preparatory to submitting the file to our Chief Office for definite instructions with respect to assumption. In order that we might have all of the available information, we would respectfully suggest that you let us have the following data:

"Total amount of compensation paid.

"Period covered by such payment.

"Weekly rate.

"Total medical, surgical, hospital and nurse's bill paid.

"Bills covering the same kind of service which are outstanding, and the estimated amount thereof.

"Has final payment of compensation been made, and if not, what is your best judgment as to the additional amount you will be called upon to pay?

"If you can consistently do so, we would also appreciate your furnishing us with copies of any doctor's reports which you might have on file which would fully apprise us with respect to the nature and extent of the injury sustained and the probable outcome thereof.

"We thank you in advance for the courtesy of your cooperation in our endeavor to complete our investigation and getting all available facts."

(2) (A letter under date of the 5th day of February, 1926, to the defendant from the plaintiff.)

"This will acknowledge receipt of your letter of February 4th and in reply would advise you (giving detailed report of payments made on the Adler case,— and of bills outstanding, prospective payments, and expenses.) . . .

"We would be glad to hear from you and learn what your position in this case will be, since we feel that there is no doubt but that Mr. Kanzler is responsible for the accident that has occurred and feel that we should be reimbursed in its entirety for the amount of our necessary expenditures in this case."

(3) (A letter under date of the 8th day of March, 1926, to the defendant from the plaintiff.)

" . . . For your information, the case of *Louis Adler* v. *the H. G. Newman Plumbing Company* has been set for a hearing before the Industrial Board of the state of Indiana to be heard at the Court House in Evansville, Indiana, on March 16, 1926, at 9:00 A. M. This case comes up for hearing by reason of the fact that Mr. Adler has returned to work but is refusing to execute a final receipt for compensation which we have paid, also to determine the question of permanent partial impairment, if any.

"We are giving you this notice for whatever information it may be to you in case you should decide to have a representative present at the hearing to protect your rights, if any."

(4) (A letter under date of the 12th day of April, 1926, to the plaintiff from the defendant.)

"With further reference to the above captioned matter, the corporation •has now definitely decided to waive the delay on the part of the insured in reporting the accident to us, and to assume the case.

"We would therefore ask that when you are ready to discuss settlement you be so kind as to take the matter up directly with this office."

Appellee filed a demurrer to the complaint, which demurrer was sustained, and appellant refused to plead further. Judgment was rendered accordingly, and appellant perfected this appeal assigning as its sole error of law that the court erred in sustaining said demurrer.

The questions presented by this appeal are limited, in effect, to the question of whether or not the letters set out in the complaint are sufficient to constitute a valid and binding contract.

Appellant contends that appellees' letter of February 4th, was an offer to "investigate and determine its position with respect to assumption" of the case if appellee would give appellant certain information; and that appellant's letter which gave the information was an ac-

ceptance of the offer; that if appellee "elected to assume there would be a contract between the parties and if it (appellee) elected not to assume there would be no contract between them;" that appellee's letter of April 12th, in which it said "the Corporation has now definitely decided to waive the delay on the part of the insured in reporting the accident to us and to assume the case" completed the contract.

We disagree with said contentions. Appellee's letter of February 4th, cannot be reasonably construed to be an "offer." As was said in *Cal Hirsch & Sons, etc., Co.* v. *Peru Steel, etc., Co.* (1911), 50 Ind. App. 59, 68, 96 N. E. 807, "It is the duty of this court, as it was of the court below, to construe the letter. If it is clear and unambiguous in its meaning, it becomes the duty of the court to declare such meaning, and determine the question here involved accordingly. . . . If the words of a writing clearly express the intention of the writer such intention will prevail, and extraneous evidence cannot be admitted to show a contrary intention." (Citing authorities.) Said letter merely says that since the case is one of "delayed notice" the local office is "investigating" it "preparatory to submitting the file to the chief office for definite instructions," and it *"suggests"* that appellant "let" them have certain specified data. It further *"thanks"* appellee "in advance" for the "courtesy" of their *"cooperation"* in appellee's *"endeavor to complete* (their) *investigation and getting all available facts."* (Our italics.)

We cannot understand, and appellant does not explain how or why said letter can be construed as an offer. We think the words used so clearly express the intention of the writer, and that they so clearly fail to express an intention to make an offer, that a discussion of the reasons for our conclusion would be superfluous.

We have italicized certain quotations from said letter to indicate reasons for our said conclusion.

If there was no offer there could not be an acceptance of an offer.

Appellant contends the complaint is sufficient on the theory that its letter of March 8th, in which it notified appellee that the Adler case was set for a hearing, was a demand, and that appellee's letter of April 12th, was an acceptance of said demand. We disagree with said contention. We cannot understand, and appellant does not explain how and why said letter of March 8th, can be construed as a demand. We think the import of that letter is clear and definite. It merely informed appellee that the Adler case was set for hearing before the Industrial Board of Indiana at a certain date and explains why it comes up for such hearing, in view of the fact that appellant had theretofore informed appellee that appellant had been making payments. The purpose of the letter, as indicated by the last paragraph, was to give appellee an opportunity *to protect its rights*. It is clearly not a "demand" upon appellee.

There being no demand, there could be no acceptance of a demand.

Even though it be assumed that there was an offer and an acceptance of the offer, or a demand and an acceptance of a demand in the instant case, there would not be a valid and binding contract because there was no consideration alleged.

Appellant contends "the consideration for the contract is made up of that (the) offer and acceptance," or the demand and acceptance. There being no offer or demand, said contention cannot prevail.

Appellant further contends the giving of the information desired by appellee, and appellant's demand on ap-

pellee pursuant to appellee's request that appellant take the matter up with appellee, constituted sufficient consideration. We think the letters and allegations in the complaint clearly indicate that both of said acts were done by appellant, solely with the view of *persuading* appellee *to* reimburse appellant on the Adler case; that at the time when appellant performed said acts it did not understand that it was thereby obligating appellee to reimburse appellant, but was merely carrying out its own plan of inducing appellee, *later* to agree to reimburse appellant. Hence even though it be assumed that said acts were a consideration, they would not constitute a consideration for the agreement *to be later* entered into.

Appellant further contends that "consideration is found in the fact that appellant, at the request of appellee, refrained from prosecuting its claim against Kanzler." The complaint did not allege that appellant refrained from prosecuting the claim, at the request of appellee.

In connection with its contentions that the complaint states facts sufficient to constitute a cause of action, appellant seems to contend that by reason of sec. 362, cl. 6, Burns 1926 (§111, Baldwin's 1934), this court, in reviewing the action of the trial court, is limited to the specifications of the appellee's memorandum to the demurrer.

As was said in *Burns* v. *Cope* (1914), 182 Ind. 289, 296, 105 N. E. 471,

"This contention can not prevail. Had the court overruled the demurrer to the complaint, and were appellee here assailing such ruling, this court, by reason of the Act of 1911, would be precluded from reversing the judgment because of such ruling of the court, except on some ground specified in the memorandum. But the Act of 1911, amending §85 of the code, must be construed in connection with the other

sections thereof, and particularly §§659, 700, Burns 1914, §658, R. S. 1881, which provides that this court shall reverse no judgment where it appears that the merits of the cause have been fairly determined in the court below. . . . and consequently if the ruling assailed here was right on the merits, the judgment should be affirmed regardless of the absence of appropriate specifications from the memorandum filed."

This case was followed on that point in *Wagner* v. *Treesh* (1919), 71 Ind. App. 551, 125 N. E. 242.

Judgment affirmed.