STATE EX REL. DAVENPORT ET AL. *v.* INTERNATIONAL HARVESTER CO.

[No. 27,266.  Filed February 10, 1940.]

464

*Omer S. Jackson,* Attorney General, *James K. Northam,* Deputy Attorney General, *Remster A. Bingham,* and *Oscar C. Hagemier,* all of Indianapolis, for appellants.

*Joseph J. Daniels, G. R. Redding, Dailey, O'Neal, Dailey & Efroymson, Taylor & Carter, Lutz, Johnson & Lutz, Fae W. Patrick, Matson, Ross, McCord & Ice,* and (*Baker, Daniels, Wallace & Sagle,* of counsel), all of Indianapolis, for appellee.

SHAKE, C. J.—This appeal presents three issues: (1) has chapter 79, Acts of 1929 (§ 25-315, Burns' 1933, § 8219, Baldwin's 1934) been repealed; (2) if not, is it constitutional; and (3) if it is in effect and constitutional, is appellee liable for the fees provided for therein?

Said chapter 79 is entitled:

"AN ACT providing for annual reports to the auditor of state by companies not organized under the laws of Indiana and engaged in the business of financing sales of automobiles, radios and other personal property in Indiana; for the fixing of a license fee upon the right to transact said business; for the withdrawal of permission to do business upon failure to pay said license fee; and for suits for collection of said license fee."

It is an act in one section and provides that every foreign finance company engaged in any kind of business enumerated in the title shall, on February first of each year, report to the Auditor of State the gross amount of its transactions in this state during the preceding year and pay into the state treasury, for the use of the general fund, fifty cents on every one hundred dollars of such gross amount, and that such license fee shall be in addition to any taxes or fees now or hereafter required. It is further provided that the authority of any such company to do business in this state shall be revoked for failure to render the reports and pay the required license fees.

The appellee contends that said chapter 79 was repealed by the enactment of chapter 215, Acts of 1929 (§ 25-101 et seq., Burns' 1933, § 4900 et seq., Baldwin's 1934), and by chapter 81, Acts of 1933 (§ 64-901 et seq., Burns' 1933, § 15899 et seq., Baldwin's 1934)

Chapter 215 is a comprehensive act known as "The Indiana General Corporation Act" and is entitled:

"AN ACT concerning domestic and foreign corporations for profit, providing penalties for the violation hereof, and repealing all laws or parts of laws in conflict herewith."

As a matter of legislative history, it may be noted that chapter 215 was drafted by a legislative commission authorized by a concurrent resolution of the 75th General Assembly (Acts of 1927, p. 756) which directed that there be a codification of the corporation laws of the state to obviate multiplicities, ambiguities, conflicts, and deficiencies. Said chapter 215 specifically repealed 89 pre-existing statutes, but chapter 79 is not enumerated among those repealed. The legislative journals disclose that the bill which became chapter 79 was introduced on January 28, passed the Assembly on March 9, and was approved by the Governor on March 11. Chapter 215 was introduced on January 17, passed on March 5, and was approved March 16. It thus appears that chapter 215 was passed before chapter 79, but that the Governor approved chapter 215 five days after chapter 79 was approved. Under these circumstances chapter 215 must be accepted as a later enactment than chapter 79, but it is also to be observed that when the bill for chapter 215 was passed, the bill for chapter 79 was yet pending and that it therefore would have been impossible for the Legislature to have specifically repealed chapter 79 in chapter 215, if it had so desired. The legislative journals further show that the title of chapter 79 as the bill therefor was introduced in and passed by the House of Representatives (where all bills for raising revenue must originate, under § 17 of Article 4 of our State Constitution), referred to the charges to be exacted

as a "tax," but when said bill reached the Senate the title was amended by substituting the words "license fee" for the word "tax." The House thereafter concurred in the amendment. This would indicate that there was some uncertainty and concern on the part of the members of the General Assembly as to whether chapter 79 was a taxing or licensing measure. This uncertainty has followed the act to this tribunal.

Chapter 81, Acts of 1933 (§ 64-901 et seq., Burns' 1933, § 15899 et seq., Baldwin's 1934), commonly known as the Intangible Tax Act, is clearly a general excise tax measure. It is inconceivable how its enactment could be deemed to have resulted in the implied repeal of chapter 79, Acts of 1929. *Lutz, Atty.-Gen. et al.* v. *Arnold, Atty. & Tr. et al.* (1935), 208 Ind. 480, 193 N. E. 840, 196 N. E. 702.

Repeals by implication are disfavored. Where two acts are seemingly repugnant, they should be construed, if possible, so that the later will not operate as a repeal or modification of the former. If, by the application of every reasonable rule of construction, substantial harmony is found possible, then there is no irreconcilable conflict. The presumption is especially strong against an implied repeal of an act by another act of a later date at the same session of the Legislature. There is no inference that one act was intended to destroy another if they are on the same subject-matter and enacted at the same meeting of the Legislature, but, on the contrary, they should be construed, if possible, to give full effect to each. The purpose of all rules of statutory construction is to ascertain the legislative intent. Where two statutes, apparently inconsistent, are passed at the same session of the Legislature, the one dealing with the common subject in a more minute way will prevail over the

one of a more general character. *Hennessey* v. *Breed, Elliott & Harrison, Inc.* (1931), 92 Ind. App. 165, 177, 176 N. E. 251; *Cleveland, etc., R. Co.* v. *Blind* (1914), 182 Ind. 398, 105 N. E. 483. By applying the appropriate rules of construction to the statutes under consideration, we reach the conclusion that chapter 79 has not been repealed by necessary implication. When we take up the question of constitutionality it will be pointed out how, in our opinion, chapters 79 and 215 may be completely harmonized.

The appellants' complaint alleges, and the demurrer thereto admits, that appellee is a New Jersey corporation; that it qualified to do business in Indiana under the laws of this state on June 11, 1920; and that it has ever since been so engaged. It is pertinent, therefore, to look to the law as it existed at the time appellee entered Indiana. The statute then in force (Acts 1907, Ch. 176, p. 286) did not require a corporation to obtain an annual license or pay an annual license fee. The act provided for a flat fee, to be determined by the proportion of its stock represented by its property and business in Indiana, to be paid before engaging in such business. Annual reports were required to be made to the Secretary of State and provision was made for the payment of additional fees if and when it appeared that the proportion of business in this state had increased over what it was when the corporation qualified or filed a former report. *State* v. *Siosi Oil Corp.* (1936), 209 Ind. 394, 199 N. E. 232.

It is a settled principle of law that a state may prescribe the terms upon which foreign corporations may enter and pursue business within its limits. It may exclude them altogether if it sees fit; it may require the payment of arbitrary initial fees, as was done by chapter 176, Acts 1907; or it may

exact recurrent fees at stated intervals, based upon the amount of business done within the state, sometimes called graduated privilege taxes. The state may likewise classify foreign corporations and impose different requirements upon one class than are imposed upon another, as conditions precedent to the privilege of engaging in business within its confines. The state may also reserve the right to change or modify the entrance requirements, and a corporation coming in under such conditions will be deemed to have consented to such reservations. *State, ex rel.* v. *Continental Ins. Co.* (1918), 67 Ind. App. 536, 116 N. E. 929; *Kansas City etc. R. Co.* v. *Stiles* (1916), 242 U. S. 111, 61 L. Ed. 176, 37 S. Ct. 58; *Cheney Brothers Co.* v. *Massachusetts* (1918), 246 U. S. 147, 62 L. Ed. 632, 38 S. Ct. 295.

When, however, a foreign corporation is duly admitted by a state, in compliance with laws then in force, it thereby acquires certain rights under the Federal Constitution which must be respected. Such a corporation becomes a *quasi* citizen, entitled to the equal protection of the laws guaranteed by the Fourteenth Amendment, and it is entitled to the same treatment as a domestic corporation in the same situation. This does not mean that the admitted corporation may enjoy any immunity from taxes, licenses, or regulations imposed on domestic corporations upon the same terms. It may be required to bear its proportionate share of the burdens of government, so long as these burdens are imposed without discrimination. And, when the state comes to the matter of making classifications for purposes of taxation, it may even classify foreign corporations differently than domestic corporations, so long as the basis of classification inheres in the subject-matter with

which it is dealing, but it may not discriminate against the foreign corporation because it is a foreign corporation. *Southern Railway Co.* v. *Greene* (1910), 216 U. S. 400, 54 L. Ed. 536, 30 S. Ct. 287; *Hanover Fire Ins. Co.* v. *Harding* (1926), 272 U. S. 494, 71 L .Ed. 372, 47 S. Ct. 179; *Quaker City Cab Co.* v. *Penna.* (1928), 277 U. S. 389, 72 L. Ed. 927, 48 S. Ct. 553.

We are not required to hold, nor do we hold, that chapter 79 is unconstitutional. The state had the right when it adopted chapter 79 to impose whatever conditions and restrictions it saw fit upon foreign corporations thereafter desiring to engage in the business of financing sales in Indiana. The exercise of this power on the part of the state was subject, however, to the rights and privileges of those corporations that entered the state under and pursuant to provisions of the act of 1907. As to these the state can impose no burdens which do not apply with equal force upon domestic corporations engaged in the business. Chapter 79 clearly does not apply to domestic corporations, nor may it be rationally justified as a proper exercise of the legislative power to classify for the purposes of general taxation. A statute may be constitutional in the abstract, yet its application to a particular party may result in a violation of his constiutional rights. It is not necessary to strike down chapter 79 in order to afford protection to foreign corporations whose rights have been fixed under the act of 1907.

This action was commenced by the appellant Davenport, as relator, in the capacity of a citizen. Thereafter the Auditor of State intervened and was made a party plaintiff. The complaint alleged that appellee was a foreign corporation; that it was qualified to do business in Indiana on June 11, 1920; and that it had ever since been so engaged. It was charged that appel-

lee had wholly failed and refused to make the reports and pay the fees required by chapter 79, Acts of 1929. There was a prayer for judgment in favor of the state for the sum due. Appellee demurred for want of facts and it was asserted in the memorandum thereto that chapter 79, Acts of 1929, is unconstitutional and that it was repealed by chapter 215, Acts of 1929, and by chapter 231, Acts of 1935. The court sustained the demurrer; the appellants refused to plead further; and judgment went against them.

We have already indicated that chapter 79 is not unconstitutional, nor has it been repealed, but to sustain the action of the trial court we are not restricted to the reasons assigned in the memorandum to the demurrer, though we would not look beyond it for grounds upon which to reverse. *Sonneborn* v. *S. F. Bowser & Co.* (1917), 64 Ind. App. 429, 116 N. E. 66. In view of what we have said in this opinion, the demurrer to the complaint was properly sustained.

Judgment affirmed.

Note—Reported in 25 N. E. (2d) 242.