LYNCH v. HOLY NAME CHURCH ET AL.

[No. 19,407. Filed January 26, 1962. Rehearing denied April 16, 1962. Transfer denied June 21, 1962.]

*Saul I. Ruman, C. Jerome Smith* and *Sachs, Ruman and Tanasijevich,* all of Hammond, for appellant.

*Lucas, Clifford and Wildermuth, Robert A. Lucas, Thomas H. Clifford, Jr., Ora L. Wildermuth,* and *William Theodoros,* all of Gary, for appellees.

Ax, J.—Appellant (plaintiff below), filed her amended complaint which, omitting the formal parts, reads as follows:

"Comes now the plaintiff and complains of the defendants and for cause of action alleges and says:

"1.  That on May 23, 1956, a certain unincorporated association known as The Holy Name Church was in possession and control of a building and property surrounding said building known as The Holy Name Church in Cook, Lake County, Indiana.

"2.  That said unincorporated association known as The Holy Name Church and The Holy Name Parish consists of many members too numerous to make parties to this action.

"3.  That the membership of said parish is constantly changing and it is impossible to make all members parties to this action.

"4.  That Father Joseph Wonderly is a member of the said group known as The Holy Name Parish and The Holy Name Church and is the Father presiding over said group.

"5.  That on said date a certain organization known as the Cedar Lake Garden Club rented, for the sum of Ten ($10) Dollars, the basement of said structure known as The Holy Name Church located in Cook, Lake County, Indiana, from the defendants, for the purpose of entertaining the members of the Federation of Garden Clubs.

"6.  That Margaret Lynch was a member of said Garden Club.

"7.  That at said time and place the said Margaret Lynch attended the said meeting of the Garden Club.

"8.  That at said time and place said building known as The Holy Name Church had an entrance from the outside for use of those entering the basement from the outside, on the west side of the building.

"9.  That on the west side of said building, said entrance had constructed in front of said door a platform consisting of two steps from the

ground level with sidewalks approaching from the west and south of said steps.

"10. That said platform for the entrance to said basement was on the west side of said building.

"11. That said door was approximately forty (40) inches wide.

"12. That at said time and place there were no railings or rails or banisters on said platform in front of the door to said basement so that persons entering or leaving said building and climbing the said stairs could utilize said rails by gripping or holding said rails to prevent tripping or falling as they entered or left said platform and walked up and down said steps.

"13. That the nature of said platform was one that was wide enough to facilitate persons desiring to stand out in front of said entrance and congest the said platform.

"14. That the result of persons standing on and about said platform was to compel a person leaving said premises to observe the persons standing so as not to collide or bump into them and make it impossible to watch the steps as they entered or left and stepped up or down the steps of said platform.

"15. That at said time and place, after the meeting, a number of persons were standing out on and about said platform.

"16. That as the said plaintiff left the door and prepared to walk across the platform and down the steps, said steps and platform had numerous persons standing on and about said platform.

"17. That the said plaintiff was compelled to observe carefully the persons standing on and about said platform so as not to collide with any persons.

"18. That at said time and place there were no handrails available for plaintiff to aid herself in leaving said platform and stepping down the steps and walking down the steps.

"19. That at said time and place the defendants were careless and negligent in the following particulars, to-wit:

a. That they caused to be constructed a platform which facilitated the loitering and standing about of persons without handrails available, this required that persons leaving the church watch the persons loitering on or about said platform so as not to collide with them and made it impossible to watch the steps which must be descended.

b. That the defendants failed to properly maintain or construct a railing around said platform so as to allow persons to descend steps in safety.

c. That the defendants violated the minimum requirements for Building Rules and Regulations promulgated August 22, 1945, pursuant to Acts of the General Assembly amended and approved January, 1950, Section 3305 requiring all stairways to have walls or balustrades or guards on each side and handrails shall be placed on at least one side of every stairway and stairways exceeding forty-four (44) inches in width, shall have handrails placed on each side. That stairways over seven (7) feet wide shall be provided with one or more continuous intermediate handrail substantially supported and the number and positions of intermediate handrails shall be such that there is not more than sixty-six (66) inches between adjacent handrails. Handrails and railings shall be placed thirty (30) inches above the nosing of treads and ends of handrails shall be returned to the wall.

d. That the defendants violated Section 3307 of the Building Rules and Regulations of the Administrative Building Council of Indiana passed pursuant to the Acts of the General Assembly approved January, 1950, which provides that landings shall be constructed as stairways.

"20. That as a direct result of the negligence of the defendants, the plaintiff suffered the following damages and injuries, to-wit:

a. That the plaintiff suffered physical injuries to each and every part of her physical person including every muscle, fibre, bone, sinew, and tissue, some of which said injuries are temporary and some permanent in nature with particular injuries to the left hip and left leg.

b. That the plaintiff has undergone severe pain, suffering and anguish and will continue to undergo pain, suffering and anguish in the future.

c. That as a result of the injuries, plaintiff has been forced to incur substantial medical expense in an attempt to cure and treat said injuries the approximate amount of expense incurred being Three Thousand Five Hundred ($3,500) Dollars for medical treatment including doctor, hospital and aid at home.

d. That as a result of said injuries, plaintiff was forced to undergo painful medical treatment and severe discomfort as a result of said medical treatment.

"Wherefore, plaintiff prays for judgment in the sum of Two Hundred Thousand (200,000) Dollars and for all other just and proper relief."

A demurrer, to which a memorandum was attached, was filed by appellees which omitting the formal parts, reads as follows:

"Come now the defendants and for their joint, separate and several Demurrer to plaintiff's Amended Complaint, allege and say:

"1. That said Amended Complaint does not state facts sufficient to constitute a cause of action against said defendants, or any of them.

## MEMORANDUM

"That the plaintiff by her Amended Complaint seeks to recover damages for an alleged

tort against a church and certain representatives of said church for alleged negligence in the construction or maintenance of a certain landing connected with and a part of the church building described therein.

"The charitable immunity doctrine has prevailed in the State of Indiana for many years and a church, as a charitable institution, is not liable for injuries or damages arising out of tort."

Appellee's demurrer was sustained, and upon failure of appellant to plead over, judgment was entered dismissing this action.

The errors assigned in this appeal are that the lower court erred in sustaining appellee's demurrer to appellant's amended complaint and that the lower court erred by entering a judgment against appellant upon appellant's refusal to plead over.

Appellant's argument here on appeal is based solely upon the question of whether appellees are immune from liability as a charitable organization. Appellee's brief is directed toward answering this one argument by contending that the lower court's ruling upon the demurrer was proper.

A close examination of the above quoted amended complaint clearly demonstrates that there is an omission of one of the essential elements of actionable negligence. Nowhere in the complaint are there any allegations showing how or in what manner the accident was caused. The complaint describes the character of the building and how appellees were allegedly careless and negligent in causing the building to be constructed, but failed to describe in what manner this alleged carelessness and negligence caused appellant's injury, except to say that she suffered certain injuries as a direct

result of the alleged negligence. Such a general averment, in the absence of specific facts to support the same, is never sufficient to state a cause of action. *The City of Logansport* v. *Kihm* (1902), 159 Ind. 68, 64 N. E. 595. The essential elements of a complaint for negligence are

"1. The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; 2. a failure by the defendant to perform that duty, and 3. an injury to the plaintiff from such failure of the defendant."

*Faris* v. *Hoberg, et al.* (1893), 134 Ind. 269, 274, 275, 33 N. E. 1028; cited in *Elder, Receiver* v. *Rutledge, Admx.* (1940) 217 Ind. 459, 27 N. E. 2d 358.

The facts alleged in the complaint must show not only that the injury resulted from the defendant's negligence, but must also describe how the injury was sustained. The statement that appellees were negligent in constructing their building and that as a result appellant suffered injury is insufficient to justify an inference that appellees' act or omission to act was the proximate cause of appellant's injuries. The elements of the complaint must be related together in a clear and consistent manner. The absence of any one element renders the complaint insufficient as against a demurrer. *City of Logansport,* at p. 72, cited *supra.*

In sustaining the lower court's ruling on a demurrer neither this Court nor the Supreme Court of this state is restricted to the reasons assigned in the memorandum to the demurrer. *State ex rel Davenport* v. *International Harvester Co.* (1940), 216 Ind. 463, 25 N. E. 2d 242; *Millspaugh, Administrator* v. *Northern Indiana Public Service Co.*

(1938), 104 Ind. App. 540, 12 N. E. 2d 396. In order to uphold the lower court's ruling sustaining a demurrer it is a well established rule of law that the reviewing court may look beyond the memorandum. *State ex rel Department of Financial Institutions* v. *Hardy* (1941), 218 Ind. 79, 30 N. E. 2d 974; *State ex rel Davenport* v. *International Harvester Co., supra; Travelers Insurance Co.* v. *Employers Liability Assurance Corporation, Limited of London, England* (1933), 97 Ind. App. 365, 186 N. E. 912. By so doing this Court finds that appellant's complaint does not contain sufficient facts to state a cause of action.

Judgment affirmed.

Ryan, C. J., Myers, J. and Cooper, J., concur.

NOTE.—Reported in 179 N. E. 2d 754.