BODNER, INC. *v.* AUTOMOBILE MUTUAL INSURANCE COMPANY OF AMERICA.

[No. 19,882. Filed January 9, 1963.]

*Geo. B. Gavit,* of Indianapolis, for appellant.

*White, Raub & Forrey,* of Indianapolis, for appellee.

COOPER, C. J.—This matter is now before us on the appellee's motion to dismiss the appeal in this cause, "for the reason that the said court has no jurisdiction of the subject matter of this appeal due to the fact that the record on appeal does not disclose that any judgment was rendered by the trial court."

In reviewing the record, we are compelled to agree with the appellee that there is no final judgment, as such, entered in this cause. The pertinent part of the record reveals only the following finding:

"Parties in Court and by *counse.* Evidence submitted and heard. Finding for Plaintiff and vs. Defendant for $248.61 and costs."

Appeals in matters such as the one now before us can only be taken from final judgments. See §2-3201,

Burns' 1946 Repl. Under our code of civil procedure, a judgment must be entered on the Order Book and specify clearly the relief granted or other determination of the action as it is the utlimate determination of the court upon the whole matter in controversy in the action. The general rule as to the form and contents of a judgment is well discussed in §31, West's I. L. E., Judgment, and authorities cited therein.

In reviewing the Rules of the Supreme Court of Indiana, we find the following pertinent provision in Rule 2-3:

"... No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

Being mindful that the Rules of the Supreme Court have the force and effect of law, we, using our discretion, now suspend consideration of this appeal until such time as the Marion County Municipal Court finally disposes of the issues involved in this cause by the entry of an appropriate judgment upon the court's prior finding.

NOTE.—Reported in 187 N. E. 2d 104.