STATE OF INDIANA EX REL. STEERS, ATTORNEY GENERAL, v. MILLER ET AL. AND LONIEWSKI ET AL.

[No. 30,606 and 30,607. Filed April 14, 1966.]

*Edwin K. Steers*, Attorney General, and *Howard R. Johnson*, Deputy Attorney General, for appellant.

*William G. Conover*, of Valparaiso, *Richard A. Mayer* and *Spangler, Jennings, Spangler & Dougherty*, of Gary, for appellees.

RAKESTRAW, J.—These are two similar cases brought by the Attorney General in the Porter Circuit Court, against the appellees, each of whom are justices of the peace. Since the issues involved are indentical in the two cases, they have been consolidated for briefing and disposition.

The actions were filed upon reports of the State Board of Accounts charging each of the appellees with retaining fees in their capacity as justices of the peace, contrary to the provisions of Chapter 322 of the Acts of 1957. Demurrers were filed to each of the complaints, alleging in essence that Chapter 322 of the Acts of 1957 was unconstitutional. These demurrers were sustained by the court, and upon the failure of the appellant to plead over, judgments were entered for each of the appellees in their respective cases.

The pertinent sections of the Act involved read as follows:

"Sec. 4. In all townships having a population according to the last preceding United States census of not more than twenty thousand, there shall not be more than two justices of the peace chosen as now provided by law. Any such justice of the peace shall not receive any salary for his services except as hereinafter provided in section 7, and for his services as such justice of the peace shall be entitled to retain a portion of the docket fee in criminal and civil proceedings in lieu of all other fees except in proceedings in which the justice of the peace is authorized by law to act other than in such criminal and civil proceedings; Provided, however, That the total of all such fees to be retained by such justice of the peace for his remuneration in any one calendar year shall not exceed the sum of three thousand dollars. Any fees taxed and collected by any such justice of the peace in excess of said three thousand dollars shall be paid over and accounted for to the township trustee for the benefit of the township in the manner as now provided by law. There shall not be more than one constable elected or appointed to serve any such justice of the peace." (Burns' [1965 Supp.], § 5-130.)

"Sec. 5. In any township as defined by section 4 of this act where there are now serving more than two duly elected or appointed justices of the peace and duly elected or appointed constables serving such justice of the peace, the provisions of this act shall not apply until the expiration of their respective terms of office." (Set forth in Compiler's Note—Burns' [1965 Supp.] following § 5-130.)

It is admitted that each of the appellees is a justice of the peace in a township of less than 20,000 population. The appellees were elected justices of the peace for a term of office running from January 1, 1955 to December 31, 1958. The actions were for the recovery of fees received by them in excess of the statutory limitations or which should have been paid over to the respective townships under some of the other provisions of this Act to the end of the year 1958.

While in the memorandum filed with their demurrers, the appellees urged the unconstitutionality of the Act for several reasons; on appeal they rely only on Art. 4, § 22, paragraph 14 of the Indiana Constitution which reads, in part, as follows:

"The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say:

In relation to fees or salaries: except that the laws may be so made as to grade the compensation of officers in proportion to the population and the necessary services required; . . ."

and Art. 4, § 23 of the Indiana Constitution, which reads as follows:

"In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

The appellees have maintained that the above quoted sections of the 1957 law creates special and local legislation in that it sets a different standard of compensation for justices of the peace in townships less than 20,000 which have more than two justices of the peace and

those in townships with less than 20,000 that have only one or two justices of the peace. They further claim that such differences are not justified by the population and necessary services as required by the Indiana Constitution. This is the only issue concerning the constitutionality of the Act in question which is argued by appellees in their brief, and it is the only issue which we deem it necessary to discuss in this opinion.

The appellant argues that since the nonapplicability of the Acts of 1957 to justices of the peace in townships with more than two justices of the peace lasted only during the remainder of their terms of office, it was not special or local legislation prohibition by the constitution. The appellant relies heavily upon *Henderson, Auditor,* v. *The State, ex rel. Stout, Sheriff* (1893), 137 Ind. 552, 36 N. E. 257. In that case, the constitutionality of a general statute altering the fee system and setting out salaries for state and county officials and others was in issue. The pertinent provision of that statute (ch. 194, Acts of 1891, § 20) reads as follows:

"Where any state officer has been elected before the taking effect of this act such officer shall not be subject to the provisions of this act during the time he holds such term of office and performs the duty thereof; and he shall receive the compensations now prescribed by law the same as if this act had not passed. . . ."

In declining to declare that Act unconstitutional, the court noted that "In other words it was intended to, and does, apply alike to all officers elected after it took effect." [p. 564.]

It will be noted, however, that under the Acts of 1957, the justices of the peace in office in townships of under 20,000 population with one or two justices of the peace would have an immediate limitation on their income while those justices of the peace in office in townships of under 20,000 population where there were more than two justices of the peace would not have their income limited until the end of their terms

of office. Hence justices of the peace elected at the same time for the same terms of office in townships with the same population, would have their income depend on whether or not there were more than two justices of the peace in the township and upon no other factor.

Information has been furnished based upon the records from the office of the Secretary of State of Indiana and from the United States census for the year 1950. It indicates that 17 townships of less than 20,000 population had more than two justices of the peace. Thus a limitation of income is made applicable immediately, but is not applied as to about 55 justices of the peace until the end of their term. We cannot agree that this provision was one applying to all persons similarly situated and thus general legislation as defined in the case of *Henderson, Auditor* v. *The State, ex rel., supra.* The Act as here sought to be applied, was local or special in operation, and for this specific application, the Act was unconstitutional.

It does not follow, however, that the Act in its entirety is unconstitutional. The provision which causes the difficulty in these cases is a provision intended to apply only until the end of the terms of office then in existence. Section 5 of the Act had application only from the effective date of the Act to December 31, 1958. From that date on, the Act operates equally upon all justices of the peace, and does meet the constitutional requirements of grading the compensation to the duties performed and the population. The section which creates the constitutional difficulty has become moot and inoperative and the Act as a whole has been in effect for a period of more than eight years.

"Statutes may be unconstitutional and void as to their application to a part of their subject matter and valid as to other parts, or, to state the problem more concretely, they may be constitutional in operation with respect to some persons and states of fact and unconstitutional as to others. It has been said that if a statute is reasonably appropriate in its over-all approach, it should be upheld

notwithstanding it may be unconstitutional in special circumstances, especially when it is apparent that the legislature would want the act to prevail where constitutionally it may." 16 Am. Jur. 2d Constitutional Law, § 194.

We think that this case in many respects is analogous to the situation facing this court in the case of *State ex rel. Davenport* v. *International Harvester Co.* (1940), 216 Ind. 463, 470, 25 N. E. 2d 242. In that case the court said:

"We are not required to hold, nor do we hold, that chapter 79 is unconstitutional. The state had the right when it adopted chapter 79 to impose whatever conditions and restrictions it saw fit upon foreign corporations thereafter desiring to engage in the business of financing sales in Indiana. The exercise of this power on the part of the state was subject, however, to the rights and privileges of those corporations that entered the state under and pursuant to the provisions of the act of 1907. As to these the state can impose no burdens which do not apply with equal force upon domestic corporations engaged in the business. Chapter 79 clearly does not apply to domestic corporations, nor may it be rationally justified as a proper exercise of the legislative power to classify for the purposes of general taxation. A statute may be constitutional in the abstract, yet its application to a particular party may result in a violation of his constitutional rights. It is not necessary to strike down chapter 79 in order to afford protection to foreign corporations whose rights have been fixed under the act of 1907."

We have indicated that we do not feel that chapter 322 of the Acts of 1957, concerning justices of the peace and constables is unconstitutional. However, the application of the Act sought to be made here in view of section 5 thereof, was an unconstitutional application in that it created special or local provisions as to compensation. It therefore was not error for the court below to sustain the demurrers in each of the two cases.

The judgment in each case is therefore affirmed.

Myers, C. J. & Arterburn, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 216 N. E. 2d 354.