INDIANA NATIONAL BANK OF INDIANAPOLIS *v.* TERRELL ET AL.

[No. 20,572. Filed March 2, 1967. Cause dismissed October 16, 1967. No Petition for Rehearing filed.]

*R. M. Kroger* and *Kroger, Gardis & Regas,* both of Indianapolis, and *Paul O. Hertwig,* of Terre Haute, all for appellant.

*Paul F. Wells,* of Terre Haute, for appellees.

PRIME, J.—Appellees, husband and wife, executed a joint and several promissory note in the amount of $4,053.00 on November 22, 1963. Appellant loaned that amount to Appellees for the purpose of debt consolidation and home improvements. One principal repayment was made on January 20, 1964, in the sum of $67.55. Appellant Bank filed its complaint on the note on May 15, 1964, alleging the joint and several liability of Appellees.

Appellee Lavergne Terrell filed his voluntary petition in bankruptcy on March 27, 1964, and was adjudged a bankrupt. Mary Terrell did not file bankruptcy. Lavergne Terrell's answer in this cause properly raised his individual defense of bankruptcy. Mary Terrell had no affirmative defense in her answer.

Trial of the issues so raised proceeded to judgment in favor of Appellant Bank against Mary Terrell individually in the amount of $4,425.75; against the Bank in favor of Lavergne Terrell; but no determination was made concerning the joint liability, if any, of Appellees. It is toward this non-finding that Appellant drives the main thrust of his argument that the trial court committed reversible error.

Appellant filed a motion requesting the trial court to modify its judgment to include some determination of joint liability. It is not the form or substance of the judgment that Appellant attacks by this motion, but rather it urges that the judgment is incomplete as rendered. Indeed, Appellant predicates its main argument upon the non-existence of a final judgment.

A motion to modify a judgment questions the form or substance of the judgment, but will not cure an incomplete judgment. *State ex rel Wisconsin Lumber & Coal Co.* v. *Reiter* (1926) 85 Ind. App. 600, 154 N. E. 504.

The proper motion to be made where the trial court has not resolved all the issues raised is a motion to enter a final

judgment in the cause by deciding and adjudicating the issues presented, not a motion to modify the incomplete judgment. Flanagan, Wiltrout & Hamilton, *Indiana Trial and Appellate Practice* § 1786, *State ex rel Clark v. Rice* (1943) 113 Ind. App. 238, 47 N. E. 2d 849.

In the event that a case has not been finally disposed of in the court below, this court may suspend its consideration of the appeal until such time of final disposition. Indiana Supreme Court Rule 2-3.

We agree with Appellant that a final judgment has not been rendered below. Consideration is therefore suspended until a final disposition is made of all the issues raised by the pleadings and evidence before the trial court.

This cause is remanded with instructions to the trial court that it render a final judgment with respect to the joint liability, if any, of Lavergne and Mary Terrell upon the note.

Remanded.

Cooper, C. J., Faulconer, Carson, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 767.