AOCKER ET AL. *v*. BUELL, TREASURER, ET AL.

[No. 170A12. Filed September 8, 1970. Rehearing denied October 16, 1970. Transfer denied February 16, 1971.]

William C. Erbecker, of Indianapolis, for appellant.

Raymond W. Gray, Jr., of Indianapolis, for appellees.

LOWDERMILK, C. J.—This is an appeal brought by appellant, plaintiff below, against appellees, defendants below, alleging as his sole assignment of error the sustaining of defendants' demurrer to appellant's complaint.

The original action by plaintiff was a suit for damages arising out of the primary of May 7, 1968, wherein plaintiff Aocker claimed the defendants conspired to deprive him of his chances of nomination for the office of Marion County Treasurer.

The appellant contends that the appellees conspired and defrauded him of his right to a proper announcement of his candidacy in a newspaper notice by incorrectly listing him as a candidate for State Representative instead of listing his candidacy for Marion County Treasurer. Appellant further contends that as a result of this misrepresentation he was defeated in his party's primary and thus suffered a loss of salary between his present occupation and that of what he would have made had he not been defeated in the primary. This difference over a four-year period amounted to $50,000, which amount he seeks to recover.

The appellant's complaint named all of the appellees, setting out their official capacities, and that the Indianapolis Newspapers, Inc., and/or the Indianapolis News, was a newspaper in Indianapolis with a wide circulation and carried public notices of and concerning candidates for the May 7, 1968 primary.

The said newspaper did print and publish, on April 24, 1968, in the Indianapolis News, a list of the candidates and that a copy of which notice was attached to the complaint, made a part thereof and identified as Exhibit "A".

Appellant further alleged that he was a resident citizen of the United States and the City of Indianapolis; that he was a Republican candidate for the office of Treasurer of Marion County, Indiana; that he was legally entitled to be a candidate for the office of Treasurer of Marion County, Indiana; that his announcement and entrance as a candidate was not challenged prior to his being a candidate in the May 7, 1968 primary.

Appellant further charged that defendants Buell, Bulen, Burkhart, Hunter, McClure and Kelley, by virtue of their respective official positions, knew that appellant was a candidate for the office of Treasurer, subject to the Republican primary on May 7, 1968; and all of the aforesaid appellees knew that Aocker was not a candidate for the office of State Representative in the Republican primary of May 7, 1968; that all defendants-appellees knew and participated in determining that E. Allen Hunter, Republican County Clerk, was to cause the Indianapolis Newspapers, Inc., to place the name of Edmund J. Aocker in the place and space reserved for announced candidates for the State Legislature subject to said Republican primary, thereby intending to defraud appellant of his right to a proper announcement as being a candidate for the office of County Treasurer; that said conspiracy was formed, conceived and acted upon for the sole purpose of misinforming the public and as a result thereof appellant was defrauded of his rightful place, space and position in the public notice published Wednesday, April 24, 1968, in the Indianapolis News; that his name was placed in the space reserved for State Representative candidates.

Appellant claims further that the difference between his wages as a seaman and the salary of the Treasurer for four

years is $50,000, which amount he seeks to recover as the result of said alleged fraud and his defeat at the May 7, 1968, Republican primary.

The defendants joined in a demurrer to plaintiff's complaint, assigning one statutory reason, which was that the complaint did not state facts sufficient to constitute a cause of action, together with their memorandum.

The memorandum goes to the matter of speculative damages and that the acts of willfulness complained of were too remote from the damage alleged. Whether appellant could prove loss as attributable to the acts of the defendants is a question of fact and is not an allegation as a matter of law; and isn't valid as a reason for sustaining the demurrer since the demurrer deals solely with allegations as a matter of law and not with the evidence or proof which may or may not support the allegations.

Appellant, in rhetorical paragraph 1 b. of his complaint specifically incorporates Exhibit "A" as a part thereof, which complaint, together with said Exhibit "A", this court is to review.

The 1970 Rules of Indiana Procedure gives authority to the appellate tribunal to search the record to discourage dismissals on technicalities. This court has made a diligent search of the record in the case at bar in compliance with this new policy and has failed to find Exhibit "A", which is a material part of the complaint.

The trial court, in reaching its reason to sustain the demurrer, had all the pleadings before it and we shall assume that the trial court based its decision on all the pleadings, of which Exhibit "A" was a part. In order for this court to review the decision of the trial court in a fair and objective manner we must have before us everything the trial court had before it in arriving at its conclusion. This statement gains emphasis especially when the omission is a material part of the proceedings in which a demurrer

was passed upon. The materiality of the newspaper notice of April 24, 1968, cannot possibly be in doubt, since its publication is allegedly the reason for appellant's defeat in the primary, which defeat precipitated appellant's suit for damages. Said notice may be totally insignificant, or it could very well be the reason for appellant's defeat. For all this court can determine, Exhibit "A" could contradict all the allegations in appellant's complaint.

Exhibit "A" being omitted from the record makes the record on review materially incomplete and this court has no ■ way of determining or reviewing the situation as it took place in the trial court.

This court, in the case of *Boyer* v. *Southern Ind. Gas & Elec. Co.* (1963), 135 Ind. App. 518, 193 N. E. 2d 255 (Trans. Denied 1964) said:

"From this record, the primary question presented to this court is whether or not the appellee's answer, as amended by the pre-trial order, states facts sufficient to constitute a defense to the cause of action alleged in the appellants' amended complaint.

*"To fully and accurately determine this question we must have all material pleadings in their entirety in the record before us.* A search of the record and of the briefs of counsel fails to disclose the presence of Exhibit B-1 or Exhibit B-2. *These exhibits were made a part of appellee's answer by a pre-trial order, signed by the trial court and counsel for the parties, and thus became a part of the pleadings in the cause.*

"It is the policy of this court to decide appeals upon their merits and upon the questions raised by the assignments of error. However, where, as here, the assigned error is based upon the premise that the trial court erred in its ruling upon a demurrer, *the pleading to which the demurrer is addressed must be set out in its entirety, both in the record and in the appellant's brief. Town of LaGrange* v. *Sears* (1938), 213 Ind. 320, 12 N. E. 2d 503; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 555, 53 N. E. 829; *White* v. *Fatout* (1899), 152 Ind. 126, 52 N. E. 700; *Reid* v. *Reid et al.* (1898), 149 Ind. 274, 49 N. E. 2.

"We are reluctant to determine this case upon this technicality, but the briefs of counsel and the record are our

only source of information and they should be so prepared as to preclude the probability of a mistake as to the questions presented by the appeal. The claim of right asserted by appellee in its answer to the amended complaint is allegedly based, in part, upon the contents of Exhibit B-1 and Exhibit B-2. These exhibits therefore constitute a material part of appellee's answer, the sufficiency of which is challenged by this appeal. *We cannot, by conjecture, supply this omission and then consider the merits of appellants' assigned errors.*" (Our emphasis.)

In *Town of LaGrange* v. *Sears* (1938), 213 Ind. 320, 12 N. E. 2d 503, our Supreme Court held that where pleadings and evidence necessary to a determination of the errors assigned were not set out in appellant's brief, no question was presented for review, since the appellate tribunal will not search the record for error.

The appellant contends that since the defendants failed to attack any of the rhetorical paragraphs of the complaint by their memorandum, they have thereby waived any objections to such rhetorical paragraphs and such paragraphs must be deemed true for the purpose of testing by the demurrer. This argument is untenable.

The Supreme Court, in *State ex rel.* v. *International Harvester Co.* (1940), 216 Ind. 463, 25 N. E. 2d 242, said:

". . . to sustain the action of the trial court we are not restricted to the reasons assigned in the memorandum to the demurrer, though we would not look beyond it for grounds upon which to reverse."

*Sonneborn* v. *S. F. Bowser & Co.* (1917), 64 Ind. App. 429, 116 N. E. 66.

In *Lynch* v. *Holy Name Church* (1962), 133 Ind. App. 492, 179 N. E. 2d 754, this court said:

"In sustaining the lower court's ruling on a demurrer neither this Court nor the Supreme Court of this state is restricted to the reasons assigned in the memorandum to the demurrer. *State ex rel. Davenport* v. *International Harvester Co.* (1940), 216 Ind. 463, 25

N. E. 2d 242; *Millspaugh, Administrator* v. *Northern Indiana Public Service Co.* (1938), 104 Ind. App. 540, 12 N. E. 2d 396. In order to uphold the lower court's ruling sustaining a demurrer it is a well established rule of law that the reviewing court may look beyond the memorandum. *State ex rel. Department of Financial Institutions* v. *Hardy* (1941), 218 Ind. 79, 30 N. E. 2d 974; *State ex rel. Davenport* v. *International Harvester Co., supra; Travelers Insurance Co.* v. *Employers Liability Assurance Corporation, Limited of London, England* (1933), 97 Ind. App. 365, 186 N. E. 912. By so doing this Court finds that appellant's complaint does not contain sufficient facts to state a cause of action."

Appellant further asks the question that if his complaint is absent Exhibit "A" does the complaint still state facts sufficient to constitute a cause of action? By this, he is requesting the Appellate Court to rule on a question presented for the first time in this court. We are a reviewing court and do not have jurisdiction to pass upon a question raised for the first time in this court. *Crescent City* v. *Beverly Bank* (1966), 139 Ind. App. 669, 219 N. E. 2d 446.

The trial court ruled on the demurrer based on certain pleadings of which Exhibit "A" was a part. Unfortunately, appellant has not supplied this court with a full and complete record of the material pleadings upon which we must pass to determine if there was error. Appellant cannot now alter the material pleadings either by omission or additions and ask this court to rule on a different or altered complaint than was ruled on below.

From the record before us we are required to affirm. Accordingly, the judgment below is hereby affirmed.

Judgment affirmed.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 894.

## ON APPELLEES' MOTION TO DISMISS APPEAL

PER CURIAM—This matter is before us on the appellees' Motion to Dismiss Appeal, in which the appellees contend there has been no final judgment rendered from which an appeal would lie.

This action was commenced in the Marion Circuit Court by the appellant filing therein his complaint for damages against the appellees. His said complaint alleged, in substance, that the appellees conspired to, and did defeat his nomination in the 1968 Republican Primary for the office of Treasurer of Marion County.

Thereafter, the appellees filed their demurrer, which was sustained. The transcript of the record reveals the following:

1. At page 58 appears the Court's entry:
   "Parties having failed to perfect change of venue from County, Court now resumes jurisdiction. Court now sustains defendants' demurrer to complaint and gives plaintiff 10 days to plead over."
2. At page 59 is the order book entry showing plaintiff's notice of appeal is filed.
3. At page 60 is the notice of appeal.
4. At page 61 is the order book entry showing plaintiff files praecipe for transcript.
5. At page 62 is the praecipe.
6. Page 63, the last page of the transcript, is the clerk's certificate.

The transcript does not contain a final judgment.

A ruling on a demurrer is not a final judgment, and unless a judgment is entered following the ruling, no appeal will lie as from a final judgment. *Wiltrout, Indiana Practice,* Vol. 3, § 2153 (12), p. 39; *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353; *James* v. *Lake Erie & W. R. Co.* (1896), 144 Ind. 630, 43 N. E. 876; *Kurtz* v. *Phillips* (1916), 63 Ind. App. 79, 113 N. E. 1016.

Appellate Rule 4(B) of the Indiana Rules of Procedure provides as follows:

"(B) *Dismissal of appeals.* No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

This rule is patterned after Rule 2-3 of the Supreme Court of Indiana which also provided in the event a case had not been finally disposed of in the trial court, this court could suspend its consideration of the appeal until the final disposition of the case. See also: *Indiana National Bank of Indianapolis* v. *Terrell, et al* (1967), 140 Ind. App. 473, 223 N. E. 2d 767; *Bodner, Inc.* v. *Automobile Mutual Insurance Company of America* (1963), 134 Ind. App. 211, 187 N. E. 2d 104.

By reason of the above and foregoing authority, the appellees' Motion to Dismiss Appeal is overruled, and we now suspend consideration of this cause until the final judgment is formally entered, certified to, and incorporated as a part of the record.

The Honorable John L. Niblack, Judge of the Marion Circuit Court, is directed to enter final judgment in this cause and to transmit to the Clerk of the Supreme and Appellate Courts, within 10 days from the date of this opinion, a certified copy of said final judgment to be incorporated into the transcript of the record in this cause.

NOTE.—Reported in 256 N. E. 2d 587.